McCAIN, Judge.
Petitioner seeks certiorari from the circuit court’s affirmance of his appeal from conviction in the court of record. We grant certiorari.
Petitioner, with others, was charged by information with conspiracy to commit first degree murder. The jury found him guilty of conspiracy to commit assault and battery.
Petitioner now questions the verdict, judgment thereon and the propriety of the trial judge giving an instruction applicable to the verdict rendered by the jury, notwithstanding his failure to object to the instruction when given.
Construing fundamental error in one being found guilty of an offense for *871 which he was not charged and could not be prosecuted under a framed information, we proceed.[1]
The essentials of the information under review reads:
“* * * [C]harges that * * * Smith * * * on * * * ¿id ^en and there unlawfully combine, conspire, agree and confederate with each other and with * * * to commit a felony punishable by death or imprisonment for life, to-wit: First Degree Murder, in that they combined, conspired, agreed or confederated on * * * to then and there, unlawfully and feloniously and from a premeditated design, effect the death of * * * a human being * *
The question is therefore raised as to whether one who is charged with conspiracy to commit first degree murder can be found guilty of conspiracy to commit assault and battery.
This problem of conviction of a lesser offense, causing great consternation, ultimately resulted in an established criteria,[2] as follows:
1. Crimes divisible into degrees.
2. Attempts to commit offenses.
3. Offenses necessarily included in the offense charged.
4. Offenses which may or may not be included in the offense charged depending on the accusatory pleading and the evidence.
Obviously categories 1 and 2 are not applicable in this case.
For category 3 to be applicable the guilty offense must be necessarily included within the offense charged. As applied to this cause it means the burden of proof of the major crime cannot be discharged without proof of the lesser and that the essential elements of the lesser are contained in the major charge.
Otherwise stated, under Section 919.16, F.S.1967, F.S.A., the necessarily included offense statute, the lesser offense is necessarily included in the offense charged and therefore proof of the lesser is necessary in order to prove the greater. Under Section 919.14, F.S.1967, F.S.A., divisibility into degrees statute, the lesser degrees of the major crime are specified and permits conviction regardless of accusation and proof. Thus, in these categories the convicted offense may be determined from the face of the indictment or information and/or the applicable statute.
Assault and battery requires both the assault and battery. Battery is inclusive of some physical contact with the victim.[3]
Since the crime of first degree murder can be accomplished without an assault and battery,[4] a conviction of conspiracy to commit assault and battery based upon the charge of conspiracy to commit first degree murder cannot qualify under either of the first three categories.
Moving to category 4, an offense which may be included depending upon the accusatory pleading and the evidence, an examination must be made of the information as well as of the proof to determine whether the finding of guilt is proper.
The information under review alleges conspiracy to commit first degree murder but does not allege the means, how or in what manner the murder was to be perpetrated. Therefore, it is fatally deficient in the first requirement applicable to category 4, viz., pleading.
Therefore, the petition for writ of cer-tiorari is granted, the circuit court’s judg *872 ment of affirmance is quashed, and the cause is remanded to the circuit court with directions to enter an order reversing the judgment of conviction and to remand the cause to the trial court for discharge of the petitioner.
CROSS, C. J., concurs.
WALDEN, J., dissents, with opinion.

. Robinson v. State, Fla.1961, 132 So.2d 3; Johnson v. State, Fla.App.1969, 226 So.2d 884.

. Brown v. State, Fla.1968, 206 So.2d 377. See also Mangone v. State, Fla.App.1969, 219 So.2d 447; and Johnson v. State, Fla.App.1969, 226 So.2d 884.

. 3 Fla.Jur., Assault and Battery, § 3.

. Section 782.04(1), F.S.1967, F.S.A.