240 So.2d 807 (1970)
STATE of Florida, Petitioner,
v.
Charles Kenneth SMITH, Respondent.
No. 39701.
Supreme Court of Florida.
October 28, 1970.
*808 Earl Faircloth, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for petitioner.
Edward M. Kay, Davie, of Varon and Stahl, Hollywood, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Smith v. State, 233 So.2d 870) which allegedly conflicts with a prior decision of this Court (Goswick v. State, 143 So.2d 817) on the same point of law. Fla. Const. art. V, § 4, F.S.A.
An information was filed in the Court of Record of Broward County, Florida, charging that the defendant, Charles Kenneth Smith, et al., on a certain date,
"[D]id then and there unlawfully combine, conspire, agree or confederate with each other and with JAMES PURKHISER, JOHN PHILEMON LUKE II, JOHN FRANCIS HENRY and HUBERT RAY STIDHAM to commit a felony punishable by death or imprisonment for life, to-wit: First Degree Murder, in that they combined, conspired, agreed or confederated on the 5th day of December, 1965 to then and there, unlawfully and feloniously and from a premeditated design, effect the death of MIGUEL ANGEL RIVERA, a human being."
In its instructions, the trial court charged the jury that it could return a verdict of conspiracy to commit assault and battery, if the evidence so warranted. Defendant made no objection to this charge at the trial. The Jury returned a verdict finding Defendant guilty of conspiracy to commit assault and battery. Defendant first complained of the charge in his additional ground for motion for new trial in which he alleged that conspiracy to commit assault and battery was not a lesser included offense under the information so that the conviction was null and void. Defendant does not challenge the sufficiency of the evidence to show a conspiracy to commit assault and battery.
The judgment was affirmed on appeal by the Circuit Court but the District Court of Appeal granted certiorari and quashed *809 the affirmance. The District Court relied upon the holding in Brown v. State, 206 So.2d 377 (Fla. 1968) to the effect that a lesser offense of which Defendant may be convicted is one which must be included in the accusatory pleading and the evidence. The District Court then held that Defendant was convicted of an offense for which he was not charged. This being fundamental error, the judgment of affirmance was quashed and the cause remanded to the Circuit Court with directions to enter an order reversing the judgment of conviction and to remand the cause to the trial court for discharge of the Defendant.
In Goswick v. State, supra, this Court held that the crime of assault and battery is not necessarily a lesser included offense in the crime of aggravated assault, but it is possible for the evidence in a particular case to reveal that an accused might properly be convicted of the lesser offense of assault and battery under a charge of aggravated assault, if there is a battery and the jury should conclude that the weapon used was not deadly. It was held that under the evidence an instruction on assault and battery should have been given. In other words, the Goswick case apparently held that a lesser offense is one which may or may not be included in the offense charged depending on the evidence, while the Brown case held that a lesser included offense is one which may or may not be included in the offense charged depending on the accusatory pleading and the evidence. This is sufficient conflict to warrant the exercise of our jurisdiction.
In order to avoid any further confusion, we reaffirm the opinion and decision in Brown v. State, supra, and recede from any portion of the opinion in Goswick v. State, supra, which may be in conflict therewith.
In determining the case sub judice, we must first consider the limitations upon the scope of review by the District Court of Appeal.
In all cases originating in a Criminal Court of Record, and affirmed in the Circuit Court, certiorari will not lie to the District Court of Appeal in the absence of a showing that the Criminal Court of Record, or Circuit Court, exceeded its jurisdiction or proceeded in derogation of the essential requirements of law. See 3 F.L.P. Certiorari Common Law, § 16. The only question to be determined is whether the Circuit Court proceeded in derogation of the essential requirements of law in affirming the conviction, or, in other words, whether it was fundamental error for a Defendant to be convicted, without objection, of the lesser offense of conspiracy to commit assault and battery when he had been charged in the accusatory pleading with the crime of conspiracy to commit murder in the first degree.
The gist of the offense is the conspiracy. An indictment or information for conspiracy must contain a statement of the facts relied on as constituting the offense in ordinary and concise language, with as much certainty as the nature of the case will admit, in such a manner as to enable a person of common understanding to know what is intended, and with such precision that the accused may plead his acquittal or conviction to a separate indictment or information based on the same facts. 15A C.J.S. Conspiracy § 80. The indictment or information should state the object or purpose of the conspiracy, but it is unnecessary to set forth the elements of the contemplated offense with the particularity and technical precision required in drawing an indictment or information charging the commission of such offense. 15A C.J.S. Conspiracy § 85. See also 4 F.L.P. Conspiracy § 18.
The absence of an objection to the jury instruction on conspiracy to commit assault and battery brings into play the provisions of Fla. Stat. § 918.10(4) F.S.A., which reads as follows:
"No party may assign as error or grounds of appeal the giving or the failure *810 to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
F.A.R. Rule 6.16 (32 F.S.A.), provides that upon an appeal the Court may in its discretion, if it deems the interest of justice to require, review anything said or done in the cause which appears in the appeal record, including instructions to the jury. This wide scope of review relates solely to an appeal and is not available if the method of seeking review is by way of petition for writ of certiorari. In certiorari proceedings the error of the trial court with respect to jury instructions, in the absence of objections, could only be considered if the error is so fundamental that it reaches into the very legality of the trial itself. In discussing fundamental error the Court in Gibson v. State, 194 So.2d 19 (Fla.App.2d, 1967) said:
"The Florida cases are extremely wary in permitting the fundamental error rule to be the `open sesame' for consideration of alleged trial errors not properly preserved. Instances where the rule has been permitted by the appellate Courts to apply seem to be categorized into three classes of cases: (1) where an involved statute is alleged to be unconstitutional, (2) where the issue reaches down into the very legality of the trial itself to the extent that a verdict could not have been obtained without the assistance of the error alleged, and (3) where a serious question exists as to jurisdiction of the trial Court." (p. 20)
This Court has recognized that every constitutional issue does not amount to fundamental error cognizable initially upon appeal, saying:
"Constitutional issues, other than those constituting fundamental error, are waived unless they are timely raised.
"`Fundamental error,' which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. The Appellate Court should exercise its discretion under the doctrine of fundamental error very guardedly." Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970)
We do not hold that the crime of conspiracy to commit assault and battery is a necessarily included offense in a charge of conspiracy with intent to commit murder in the first degree. We do hold that the information in the case sub judice was sufficient to advise the Defendant of "the nature of the accusation against him," [see 41 Am.Jur.2d, Indictments and Informations, § 263], and the accused could plead his conviction to a subsequent indictment or information based on the same facts. See 15A C.J.S. Conspiracy § 80.
The information in the case sub judice charges that Defendant and others did "unlawfully combine, conspire, agree, or confederate" with each other and others "to commit a felony punishable by death or imprisonment for life, towit: First Degree Murder," in that they conspired to "effect the death" of a human being. The conspiracy, which is the gist of the offense, is adequately alleged. The object or purpose of the conspiracy, to effect the death of a human being, is adequately alleged even though it does not set forth the elements of the contemplated offense with particularity and technical precision. For example, it has been held that in an indictment for murder it is essentially necessary to set forth the manner of the death and the means by which it was effected. See 11 F.L.P., Homicide, § 65, and cases cited therein. In charging a conspiracy to commit murder in the first degree, it is unnecessary to allege the manner or means by which the death of the victim is to be effected, for the crime of conspiracy may be committed prior to the time that the manner or means of effecting the death is determined by the conspirators. In other *811 words, two or more persons could unlawfully combine, conspire, agree, or confederate with each other to commit murder in the first degree (thereby committing the crime of conspiracy) with the understanding that the means of accomplishing the unlawful homicide would be determined at a later date.
The error of which Defendant complains was harmless and Fla. Stat. § 924.33, F.S.A., provides as follows:
"No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."
The Circuit Court did not proceed in derogation of the essential requirements of law when it affirmed the conviction on appeal.
The decision of the District Court of Appeal is quashed and the cause is remanded to the District Court of Appeal with instructions to affirm the judgment of the Circuit Court.
ERVIN, C.J., and ROBERTS, DREW, CARLTON and BOYD, JJ., concur.