276 So.2d 98 (1973)
Robert C. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 70-907.
District Court of Appeal of Florida, Fourth District.
March 16, 1973.
Rehearing Denied April 27, 1973.
*99 Edward R. Kirkland, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Chief Judge.
The appellant, Robert C. Parker, was charged by information filed in the Criminal Court of Record for Orange County, Florida, on 29 April 1970 with conspiracy to bribe the Mayor, Leonard Hurst, and City Councilman James Meeks of Apopka, Florida. The alleged purpose of the bribe was to influence the votes of Meeks and Hurst in connection with the purchase of a sewage disposal plant for the City. The bribe allegedly consisted of an offer of $25,000 in cash to each of the two officials. The conspiracy allegedly continued from 8 September 1969 through 12 December 1969. Other alleged conspirators included in the same information were David M. Duncan, William Hudson and Bill L. Bryant.
William Hudson and Appellant-Parker were tried jointly. At the close of the State's case both defendants moved for a judgment of acquittal. The motions were denied and the trial concluded on 10 July 1970 with a jury verdict finding Hudson and Parker guilty of conspiracy to commit bribery. Following denial of a motion for new trial, the present appeal was taken.
The appellant has raised ten points. The only point which has merit and requires discussion is Point VIII which is:
"Where the evidence is insufficient to sustain the conviction, the judgment should be reversed with directions to enter a verdict of acquittal for the defendant."
It is important to note that the offense of bribery as proscribed by Section 838.01, F.S. 1969, F.S.A., was not the charge. The information charged conspiracy. Bribery was the substantive offense which was the alleged object of the conspiracy. The pertinent statute is Section 833.04, F.S. 1969, F.S.A. It reads in part:
"If two or more persons shall agree, conspire, combine or confederate to commit any other felony they shall be guilty of a felony ..."
In State v. Trafficante, Fla.App. 1961, 136 So.2d 264, 268, the court noted that the gravamen of a conspiracy under this statute is a criminal intent. In construing a similar federal statute, 18 U.S.C.A. Section 371, the Court of Appeal for the Fifth Circuit in Roberts v. United States, 5 Cir.1969, 416 F.2d 1216, 1220, stated:
"It is elementary that neither association with conspirators nor knowledge of illegal activity constitute proof of participation in a conspiracy . .. The elements of a conspiracy are an agreement by two or more persons to combine efforts for an illegal purpose and an overt act by one of the members in furtherance of the agreement ..." (Emphasis supplied.)
For a similar gloss, see United States v. Falcone, 1940, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128.
Under an exception to the hearsay rule, extrajudicial declarations of one conspirator made outside the presence *100 of a coconspirator may be admitted in evidence against the latter where the declaration was made in furtherance and during the existence of the conspiracy. Before such declarations may be admitted, however, the existence of the conspiracy and the defendant's participation therein must be established on a prima facie basis by other evidence which is admissible without reference to the aforementioned exception. See Farnell v. State, Fla.App. 1968, 214 So.2d 753, 756-758. A determination as to whether or not a prima facie case has been established as a predicate for the admission of co-conspiratorial declarations and acts is a question for the trial judge to determine  not the jury. Carbo v. United States, 9 Cir.1963, 314 F.2d 718, 737, cert. denied, 1964, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498. Orderly procedure demands that normally such predicate be established before and not after the acts and declarations of co-conspirators are introduced. But see Honchell v. State, Fla. 1971, 257 So.2d 889 which suggests that the order of proof may be reversed.
The State delineates first the "independent evidence" which it conceives to be sufficient to demonstrate a prima facie showing of a conspiracy involving Parker and then the acts and declarations of co-conspirators on which it relies. The transcript of the testimony in this case aggregates over 2000 pages. We have reviewed all testimony called to our attention by both sides, but the volume of testimony defies a meaningful summary within the confines of this opinion. From our scan of the record, we find no evidence from which the jury could reasonably find that Parker agreed to join in an effort to bribe the mayor or city councilman, James Meeks. Thus an essential element of a criminal conspiracy  the intent to combine with others to effect an illegal purpose  was not shown by the evidence.
We conclude that the trial court erred in not granting the motion for a judgment of acquittal at the close of the State's case. Consequently, the judgment is reversed, the sentence is vacated, and the appellant is discharged.
Reversed.
OWEN and MAGER, JJ., concur.