344 So.2d 868 (1977)
STATE of Florida, Appellant,
v.
Jesse O. BURKETT et al., Appellees.
No. 76-695.
District Court of Appeal of Florida, Second District.
March 16, 1977.
Rehearing Denied April 20, 1977.
*869 Robert L. Shevin, Atty. Gen., Tallahassee and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
E.G. Couse of Grace, Falbey & Couse, Fort Myers, for Burkett.
Wilbur C. Smith, III, Smith & Carta, Fort Myers, for Van Lawrence and Darby.
McNULTY, Judge.
The information filed herein charging appellees with conspiracy to tamper with a witness was dismissed for vagueness. We reverse.
The information alleged that Jesse O. Burkett, Paul Van Lawrence, and Charles Darby, in Lee County,
"[D]id unlawfully, feloniously, and intentionally agree, conspire, combine or confederate to commit tampering with witness, inasmuch as the above defendants between September 9, 1975 and September 23, 1975 did by the use of threat or offer of pecuniary benefit knowing that an official proceeding or investigation by a duly constituted prosecuting authority was pending, endeavor or attempt to induce or otherwise cause a witness, RUSSELL D. GOFF, to testify falsely or withhold testimony."
Fla.R.Crim.P. 3.140(o) provides that no information shall be dismissed on account of any defect in the form or for any cause whatsoever, unless the court shall be of the opinion that the information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense. We think the information herein is not infirm for the reasons proscribed in the rule. On the contrary, we feel that the information is fully and sufficiently clear. Appellants were advised precisely of all the whys, hows and wherefores of the charge.
To begin with, the charge was laid in essentially the language of the applicable statutes.[1] Ordinarily, this is sufficient and we do not see why it should be any different here.
Secondly, the gravamen of a criminal conspiracy being the criminal intent to commit a substantive offense formed by and through the confederation or agreement of two or more persons,[2] no overt act *870 need be alleged.[3] The fact that an overt act is indeed alleged and, as in this case, such overt act constitutes the substantive offense itself is of no consequence. It is settled that, subject to any applicability of the doctrine of merger, one may be charged with and convicted of the crime of conspiracy to commit a substantive offense as well as the substantive offense itself even though the substantive offense is also charged in the conspiracy count as the overt act done pursuant to the conspiracy.[4]
Thirdly, the time and place of the offense was set forth and the identity of the witness to be tampered with was alleged. As to the alleged material times, since the nature of the offense (conspiracy) is such that it can be accomplished by divers acts over a period of time rather than by a single occurrence, the 14-day span between September 9 and September 23 is not so vague or long a period as to embarrass appellees in their defense of the charge or preclude a possible double jeopardy defense upon a subsequent prosecution; and this is the real test of vagueness even though additional details may be required via a bill of particulars.
Finally, we reject appellees' argument that the charge is bad because the nature and description of the "official proceeding or investigation" in which the named witness was to testify was not set forth. While these facts may unquestionably be relevant they need not be alleged in the information, in default of which the information would be too "vague" to stand. Such details again are easily obtained by, and are amenable to an order for, a bill of particulars.
In view whereof, the order dismissing the information herein should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, C.J., and HOBSON, J., concur.
NOTES
[1] See § 833.04, Fla. Stat. (1973), relating to "conspiracy to commit [this class of] felony" and § 918.14, Fla. Stat. (1973), relating to tampering with a witness.
[2] See, e.g., Parker v. State, 276 So.2d 98 (Fla. 4th DCA 1973).
[3] See State v. Trafficante, 136 So.2d 264 (Fla. 2d DCA 1961).
[4] See, 16 Am.Jur.2d, Conspiracy, § 5 at p. 130.