363 So.2d 201 (1978)
The STATE of Florida, Appellant,
v.
Candido GIARDINO, Appellee.
No. 77-2157.
District Court of Appeal of Florida, Third District.
October 17, 1978.
*202 Janet Reno, State's Atty. and Paul M. Rashkind, Asst. State's Atty., for appellant.
Flynn, Rubio & Tarkoff, Miami, for appellee.
Before HUBBART and KEHOE, JJ., and PARKER, J. GWYNN (Ret.), Associate Judge.
HUBBART, Judge.
The State of Florida appeals a trial court order dismissing a conspiracy count in a criminal indictment filed against the defendant before the Circuit Court for the Eleventh Judicial Circuit of Florida. It is the state's contention that the conspiracy count was improperly dismissed because: (1) the defendant's motion to dismiss said count was untimely filed, and (2) the said count sufficiently charges the crime of conspiracy under the laws of this state. We disagree and affirm.
On June 2, 1977, the defendant Candido Giardino along with two other co-defendants [Albert W. Tresvant, Sr. and Dante Dino, Jr.] were charged in a three count indictment returned by the Dade County Grand Jury with: (1) conspiracy to commit a felony, (2) bribery and (3) unauthorized compensation for official behavior, before the Circuit Court for the Eleventh Judicial Circuit of Florida. On June 23, 1977, the defendant Giardino filed a written plea of not guilty. He also filed a motion to dismiss the indictment on grounds which are not relevant here.
On August 25, 1977, the defendant Giardino filed a second motion to dismiss the indictment on the grounds inter alia that count I of the indictment was so vague that it failed to state the crime of conspiracy under the laws of this state. On August 31, 1977, the second motion to dismiss was heard by the trial court without objection by the state. Subsequent thereto, the trial court entered a written order granting the motion to dismiss as to count I of the indictment charging conspiracy, but denying the said motion as to counts II and III of the indictment. The trial court later heard and denied the first motion to dismiss. The state appeals the dismissal of the conspiracy count in the indictment.

I
We are first met with the state's contention that the dismissal of the conspiracy count constitutes reversible error because the defendant's motion to dismiss was untimely filed under Fla.R.Crim.P. 3.190(c).[1] This issue has not been properly preserved for appellate review. The state's argument is made here for the first time on appeal and was never brought to the attention of the trial court at any time. As such, the state has waived whatever technical objections it had under the above rule as to the timeliness of the motion to dismiss. See Jones v. Fox, 23 Fla. 454, 2 So. 700 (1887); G.W.B. v. State, 340 So.2d 969 (Fla. 1st DCA 1976); Palmer v. Thomas, 284 So.2d 709 (Fla. 1st DCA 1973); Frank v. Pioneer Metals, Inc., 121 So.2d 685, 688 (Fla. 3d DCA 1960). Moreover, we do not consider the claimed error to constitute fundamental error. See Fla.R.App.P. 6.16(a) (1962). Indeed, no error at all was committed in this regard as the motion was based on a fundamental ground and was therefore timely filed under Fla.R.Crim.P. 3.190(c). See Pittman v. State, 47 So.2d 691 (Fla. 1950); Catanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971).

II
We now come to the central issue involved in this appeal, namely, whether the conspiracy count of the indictment herein sufficiently states the crime of conspiracy under the laws of this state. Under the *203 authority of Goldberg v. State, 351 So.2d 332 (Fla. 1977), we hold that such conspiracy count fails to so state such a crime because it does not sufficiently inform the defendant of the charges against him.
The conspiracy count of the indictment herein charges in pertinent part as follows:
"[B]eginning on the 1st day of November, 1975, and continuing through the 25th day of December, 1976, .. . ALBERT W. TRESVANT, SR., CANDIDO GIARDINO and DANTE DINO, JR. did unlawfully agree, combine, conspire or confederate with each other and with other persons to commit one or more felonies, to wit: BRIBERY, in violation of Section 838.015, Florida Statutes, or UNLAWFUL COMPENSATION FOR OFFICIAL BEHAVIOR, in violation of Section 838.016, Florida Statutes, or both, and in furtherance of said conspiracy ALBERT W. TRESVANT, SR., CANDIDO GIARDINO, DANTE DINO, JR. did feloniously and corruptly request, solicit, accept or agree to accept for themselves or others a benefit, not authorized by law, to wit: money, good and lawful currency of the United States of America, from KOZICH AND KOZICH, INC., DON THOMAS KOZICH, RONALD JOSEPH FLORY or any of them for the performance of acts which the defendants CANDIDO GIARDINO, ALBERT W. TRESVANT, SR. and DANTE DINO, JR. represented as being or KOZICH AND KOZICH, INC., DON THOMAS KOZICH, RONALD JOSEPH FLORY or any of them believed to be within the official discretion of CANDIDO GIARDINO and ALBERT W. TRESVANT, SR. in their capacity as public servants, to wit: City Commissioners of the City of Opa-Locka, Florida, said acts being the voting by the defendants CANDIDO GIARDINO and ALBERT W. TRESVANT, SR. in favor of awarding a contract for the construction of a public works building for the City of Opa-Locka to KOZICH AND KOZICH, INC. or for the voting by the defendants CANDIDO GIARDINO and ALBERT W. TRESVANT, SR. in favor of approving change orders submitted by KOZICH AND KOZICH, INC. in connection with the construction of said building, or both, said conspiracy being in violation of Section 777.04(3) of the Florida Statutes... ."
The above count is a classic example of what the Florida Supreme Court condemned in Goldberg, namely, confusing alternative pleading in a conspiracy indictment. There is confusion as to the participants in, as well as the unlawful object and nature of the charged conspiracy.
First, it is impossible to tell with whom the defendant Giardino allegedly conspired. The indictment charges that the participants in the charged conspiracy are the defendant Giardino, the co-defendants Tresvant and Dino and "other persons." The indictment fails to identify these "other persons."
Second, it is impossible to determine the unlawful object of the charged conspiracy, namely, whether it was to violate (a) the bribery statute [Fla. Stat. § 838.015 (1977)], or (b) the unlawful compensation for official behavior statute [Fla. Stat. § 838.016 (1977)], or (c) both of those statutes. The indictment charges in the alternative each of the above three unlawful objects as being the object of the charged conspiracy.
Third, it is impossible to determine the nature of the charged conspiracy, to wit: whether the defendant Giardino in concert with his co-defendants (a) accepted, or (b) agreed to accept, or (c) requested or solicited, a certain sum of money from (a) Kozich and Kozich, Inc., Don Thomas Kozich, and Ronald Joseph Flory, jointly, or (b) Kozich and Kozich, Inc., individually, or (c) Don Thomas Kozich, individually, or (d) Ronald Joseph Flory, individually, for the purpose of having the defendant Giardino and the co-defendant Tresvant vote as Opa Locka city commissioners in favor of (a) awarding a contract for the construction of a public works building for the City of Opa Locka to Kozich and Kozich, Inc., or (b) approving change orders submitted by Kozich and Kozich, Inc. in connection with the construction of the above-mentioned public works *204 building, or (c) both awarding the above-stated contract and approving the above-stated change order. The indictment charges in the alternative each of the above multitude of acts as constituting part of the charged conspiracy. As such, the indictment is mired in hopeless confusion.
The Florida Supreme Court in Goldberg v. State, 351 So.2d 332 (Fla. 1977), struck down a similar conspiracy indictment as failing to sufficiently charge the crime of conspiracy under Florida law because of the multiplicity of alternative pleading allegations concerning the participants in, and the unlawful object and nature of the charged conspiracy. Although there are technical differences between the indictment in Goldberg and the indictment herein, it is clear that the confusion which the Supreme Court found so objectionable in the Goldberg indictment is the same generic confusion which is found in the instant indictment. Accordingly, the trial court was eminently correct in dismissing the conspiracy count herein against the defendant Giardino.
Affirmed.
NOTES
[1] "Unless the court grants him further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived." Fla.R.Crim.P. 3.190(c).