PER CURIAM.
D.G.R. appeals his conviction of possession of marijuana arguing that the trial court erred in amending the petition to charge possession of marijuana although it originally charged that D.G.R. did “sell, deliver, or manufacture” marijuana. We agree.
Possession of marijuana is not a lesser included offense of sale of marijuana, just as possession of the hallucinogenic *461 drug, LSD, is not a lesser included offense of sale of LSD. McPhee v. State, 254 So.2d 406, 408 (Fla. 1st DCA 1971). Further, “sale” is nothing more than “delivery” with consideration. See Milazzo v. State, 359 So.2d 923, 924 (Fla. 3d DCA 1978). Accordingly, since the petition does not contain any allegations charging D.G.R. directly or by implication with the offense of possession, the petition fails to support the conviction under the theory it is a category for lesser included offense under Brown v. State, 206 So.2d 377 (Fla.1968). McPhee v. State, supra. The amendment to the petition, charging a wholly different crime, made after the state rested and being objected to by defense counsel, requires that appellant’s conviction for possession of marijuana be REVERSED.
McCORD, Acting C. J., SHIVERS, J., and MASON, ERNEST E., Associate Judge, concur.