392 So.2d 1022 (1981)
STATE of Florida, Appellant,
v.
Phillip John CASESA, Phillip A. Casesa, Kevin Fister, Isaac Flood Arnow and Ronald Bruce Houser, Appellees.
No. 80-278.
District Court of Appeal of Florida, Fifth District.
January 28, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for appellant.
J. Cheney Mason and Donald A. Lykkebak, Orlando, for appellees.
ORFINGER, Judge.
The State of Florida appeals the dismissal of the information by the trial court.[1] We reverse.
The amended information filed by the State alleged that appellees:
did, on the 26th day of March, 1979, and continuously thereafter to and including the 2nd day of July, 1979, in Orange County, Florida, in violation of Florida Statute 777.04, agree, conspire, combine and confederate together and with one another, to sell, manufacture, deliver or bring into the State of Florida: (a) in excess of 100 pounds of cannabis, a substance controlled by Florida Statute 893.03(1)(c), which act is prohibited and declared to be a felony by Florida Statute 893.13(1)(a)(2) and in furtherance of said conspiracy to bring into Florida and sell or deliver in excess of 100 pounds of cannabis, said conspirators did certain acts, including, but not limited to the following acts, to-wit: between the above-stated dates engaged in numerous telephone conversations among each other and other persons with the purpose of discussing, agreeing, and conspiring to obtain in excess of 100 pounds of cannabis, arrange shipping and off-loading for said cannabis, discuss price, quantity and quality of said cannabis, to procure and arrange for off-loading sites and personnel, to arrange for land vehicles for transportation of said cannabis after its off-loading, to arrange for weapons to protect against the theft of said cannabis, and to arrange or discuss the sale or delivery of said cannabis after its importation; and other calls, conversations, planning, negotiations and arrangements to otherwise enable the importation, sale and delivery of said cannabis.
Rule 3.140(o), Florida Rules of Criminal Procedure, says:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of defenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
An indictment or information for conspiracy must contain a statement of the facts relied on as constituting the offense in ordinary and concise language, with as much certainty as the nature of the case will admit, in such a manner as to enable a person of common understanding to know what is intended, and with such precision that the accused may plead his acquittal or conviction to a separate indictment or information based upon the same facts. State v. Smith, 240 So.2d 807 (Fla. 1970).
Appellees contend that this case is controlled by State ex rel. Kelly v. Whisnant, 80 So.2d 611 (Fla. 1955) where the dismissal of a conspiracy information was affirmed because of the omission of essential facts to show the conspiracy. Appellees also rely on cases such as State v. Barnett, 344 So.2d 863 (Fla. 2d DCA 1977), where the court held an information charging a conspiracy to engage in a common bookmaking scheme insufficient because it merely tracked the language of the statute without alleging the facts and circumstances concerning the manner in which the crime was committed. While we recognize the principles of law set forth in those cases, we do not find them applicable here.
The test of the sufficiency of the information is found in Rule 3.140(o). Is the amended information here so vague, indistinct and indefinite as to mislead the accused and embarrass them in the preparation of their defense or expose them to substantial danger of a new prosecution for the same offense? We think not. While it does not have the detail of the information upheld in State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979), neither does it contain the flaws of alternative type or shotgun pleading condemned in Goldberg v. State, 351 So.2d 332 (Fla. 1977).
The amended information, while lacking the evidentiary detail of the information upheld in Segura, is similar to it. It satisfies the test of State v. Smith, supra, in that it is sufficiently precise to enable a person of common understanding to know what is intended. It supplies the whys, hows and wherefores of the charge. State v. Burkett, 344 So.2d 868 (Fla. 2d DCA 1977).
The order dismissing the amended information is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] Fla.R.App.P. 9.140(c)(1)(A).