BOYD, Justice.
This cause is before the Court on appeal of a circuit court judgment in which section 893.135, Florida Statutes (1979), was upheld against constitutional challenge. Our jurisdiction was invoked under former article V, section 3(b)(1), Florida Constitution (1972). Appellate proceedings in this case were stayed pending the decision in State v. Benitez, 395 So.2d 514 (Fla.1981). In that case we upheld the challenged statute. Jurisdiction of this case was retained, however, for the purpose of resolving another question raised by the appellant.
Appellant was charged by information with violating section 893.135(l)(b)2., Florida Statutes (1979),[1] which prohibits “trafficking in cocaine” and provides a mandatory minimum penalty for the sale, manufacture, delivery, importation, or possession of certain quantities of the drug. The first count of the information charged “delivery for consideration” of more than 200 grams of cocaine. The second count of the information charged possession of more than 200 grams of cocaine. The jury returned a verdict of guilty on the first count and not guilty on the second count.
Appellant argues that to accuse a person of delivery of illegal drugs for consideration is the same thing as to charge sale of the illegal drugs. He argues further that since he was in effect charged with sale and did not receive a jury instruction on attempted sale, his conviction must be reversed.
Appellant relies on several cases, including Milazzo v. State, 377 So.2d 1161 (Fla. *1043 1979), State v. Stewart, 374 So.2d 1381 (Fla.1979), and D. G. R. v. State, 376 So.2d 460 (Fla. 1st DCA 1979), to support the proposition that to charge a defendant with “delivery for consideration” is to charge him with sale. A close analysis of these cases shows that they do not support appellant’s argument. In Stewart, the defendant questioned the sufficiency of the information to charge sale of marijuana, arguing that its failure to allege consideration rendered it fatally defective. The Court rejected the argument “because, by common understanding, consideration is a part of every sale.” 374 So.2d at 1383. Our holding that a “sale” accusation need not specifically allege consideration, however, does not require the conclusion that when consideration is alleged, the crime charged is “sale.” In Milazzo, the defendant sought reversal of his conviction for “selling or delivering cocaine.” 377 So.2d at 1162. This Court analyzed the statutory provisions and held that a defendant charged with delivery is not entitled to an instruction on attempt because the definition of the crime of delivery includes the attempt to commit the crime. See § 893.02(4), Fla.Stat. (1979). The crime of sale, on the other hand, does not include attempted sale. Therefore, there is a separate crime of attempted sale and a defendant charged with sale would be entitled to an attempt instruction. We allowed the conviction to stand because the defendant had been charged in the alternative with delivery or sale, and found guilty by the jury in the alternative, but we criticized the use of such ambiguous language in the charging document and the verdict. Milazzo offers no more support for appellant’s position than Stewart does. The D. G. R. case perhaps comes closest to supporting appellant’s position. The court there said that “ ‘sale’ is nothing more than ‘delivery’ with consideration.” 376 So.2d at 461. The authority cited for this statement, however, was a portion of the district court’s opinion in Milazzo[2] that was subsequently criticized in this Court’s treatment of the case. 377 So.2d at 1162.
Appellant relies on the common usage and understanding that delivery and consideration are both important elements of a sale. However, such authority is of little value in the application of clear statutory definitions and does not require us to hold that one charged with “delivery for consideration” is charged with the crime of sale. The state argues that the information charged appellant with delivery, and that the words “for consideration” were merely surplusage. In support of this argument, the state points out that the instructions given to the jury, and the verdict returned, were phrased in terms of “delivery,” and the element of consideration was not mentioned. Thus the state concludes that this case is unambiguously one of delivery and not of sale. Although we detect some concern on the part of the state to avoid the negative consequences of alleging sale (i.e., the defendant is entitled to an attempt instruction), by drafting an ambiguous charging document, we do not find its position so inconsistent as to be unacceptable. We again state that we would discourage this tactic. The state should charge the accused with either delivery or sale, depending on the apparent facts to be proved.
Appellant asserts that under Lomax v. State, 345 So.2d 719 (Fla.1977), overruled in part, State v. Abreau, 363 So.2d 1063 (Fla.1978), the failure to instruct the jury on attempted sale was per se reversible error. The state responds by correctly noting that Lomax has been modified to the extent that it was inconsistent with the new Schedule of Lesser Included Offenses contained in the Florida Standard Jury Instructions in Criminal Cases (1981). See In Re Standard Jury Instructions in Criminal Cases, Nos. 57,734 & 58,799 (Fla. April 16, 1981). If the appellant had indeed been charged with sale, the state’s argument continues, so that the court would have erred in not charging on attempt, appellant would be entitled to an attempt instruction on retrial only if such an instruction were supported by some evidence. See Burney v. State, 402 So.2d 38 (Fla.2d DCA 1981). The parties disagree on *1044 whether there was such evidence, but since we find that appellant was not charged with sale, we do not reach the question.
The state argues in the alternative that if indeed appellant was charged with and convicted of sale, then he was also convicted of delivery, because delivery is a necessary element of every sale. While we need not reach the merits of this argument, it does point out the weaknesses in the statutory scheme that have given rise to this controversy and to the one in Milazzo. Sale and delivery are separate offenses with separate definitions. It takes more of an evidentiary showing to prove sale than delivery, because the element of consideration must be established. But the two offenses are assigned equal culpability. Therefore, the legislature has provided no. incentive for prosecutors to charge and prove the crime of sale, because the equally culpable crime of delivery can be more easily proved and carries identical penalties.
A further definitional problem has been briefly referred to already and was discussed in Milazzo: the discrepancy by which one accused of sale is entitled to an attempt instruction if there is evidence to support it but one accused of delivery is never entitled to an attempt instruction. The prosecutor in the present case admitted that the charge of “delivery for consideration” was drafted with the intention of denying the defendant the possible benefit of an attempt instruction. It seems to us that these problems can only be cured legislatively.
We hold that appellant was charged with delivery and that the trial court was correct in refusing to instruct the jury on attempted sale. The judgment of conviction is therefore affirmed.
It is so ordered.
ALDERMAN, C. J., and ADKINS and OVERTON, JJ., concur.
McDONALD and EHRLICH, JJ., concur in result only.
SUNDBERG, J., dissents.

. (1) Except as authorized in this chapter or in chapter 500:

(b) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, as described in s. 893.03(2)(a), is guilty of a felony of the first degree, which felony shall be known as “trafficking in cocaine.” If the quantity involved:

2. Is 200 grams or more, but less than 400 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 5 calendar years and to pay a fine of $100,000.

. Milazzo v. State, 359 So.2d 923, 924 (Fla.3d DCA 1978).