439 So.2d 919 (1983)
The STATE of Florida, Appellant,
v.
Amilcar Jose RODRIGUEZ-JIMENEZ and Aguedo Borrego-Estrada, Appellees.
No. 83-161.
District Court of Appeal of Florida, Third District.
October 4, 1983.
Rehearing Denied November 17, 1983.
*920 Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellant.
Roy E. Black and Guy W. Turner, Nathan & Williams and Douglas L. Williams, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The State appeals from an order dismissing the conspiracy count of an indictment on the ground that it is so vague as to not fairly apprise the defendants of the charge against them. We reverse and remand with directions that the count be reinstated.
The dismissed count reads in its entirety:
"The Grand Jurors of the State of Florida, duly called, impaneled and sworn to inquire and true presentment make in and for the body of the County of Dade, upon their oaths present that AMILCAR JOSE RODRIGUEZ-JIMENEZ, also known as JAVIER RODRIGUEZ, also known as SELIMO S. GARCIA, also known as "RAFAEL," and AGUEDO BORREGO-ESTRADA, also known as "CACHO," and WINSTON SALAVERRIA, hereinafter referred to as the Defendants, along with Armando Gonzalez and Miriam Borrego named herein as Co-Conspirators but not as Defendants and others known and unknown to the Grand Jury commencing on or about the 29th day of September, 1979 and continuing through or about the 3rd day of October, 1979, within the County of Dade, State of Florida, did unlawfully and feloniously agree, conspire, combine or confederate together and with one another, to commit a felony under the laws of the State of Florida, to wit: FIRST DEGREE MURDER, by unlawfully and feloniously agreeing, conspiring, combining or confederating together with one another to unlawfully and from a premeditated design to effect the death of RAIMUNDO MARTINEZ with a deadly weapon, to wit: A FIREARM, to wit: A PISTOL, which act is prohibited and declared to be a felony by Florida Statutes 782.04, 775.087 and 777.011.
"That is to say, that during the period of time commencing on or about the 29th day of September, 1979, and continuing through or about the 3rd day of October, 1979, the Defendants along with Armando Gonzalez and Miriam Borrego named herein as Co-Conspirators but not as Defendants and others known and unknown to the Grand Jury, did conspire, combine, or confederate together and with one another and did discuss specific details, including, but not necessarily limited to: inducing the victim, RAIMUNDO MARTINEZ, to participate in a narcotic sale with the Defendants and Co-Conspirators for the purpose of murdering RAIMUNDO MARTINEZ; arranging the places and times where RAIMUNDO MARTINEZ was to meet and have the narcotics delivered and be murdered; shooting and killing RAIMUNDO MARTINEZ; and the means by which the body of RAIMUNDO MARTINEZ was to be disposed of. Moreover, to effect the object of this conspiracy, the Defendants along with Armando Gonzalez and Miriam Borrego named herein as Co-Conspirators but not as Defendants and others known and unknown to the Grand Jury, did, on various occasions throughout the period of time herein stated, reach agreement together and with one another to murder RAIMUNDO MARTINEZ as the object *921 of the aforesaid conspiracy in violation of Florida Statute 777.04, to the evil example of all others in like cases offending and against the peace and dignity of the State of Florida."
The defendants successfully contended below, and contend here, that the conspiracy charge is in all respects similar to the charges found wanting in Goldberg v. State, 351 So.2d 332 (Fla. 1977); Battle v. State, 365 So.2d 1035 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 76 (1979); and State v. Giardino, 363 So.2d 201 (Fla. 3d DCA 1978). We disagree.
The conspiracy charges in Goldberg, Battle and Giardino were found to be insufficient to inform the defendants of the accusation against them, essentially because in each of those cases the defendants were charged with alternative conspiracies. See State v. Casesa, 392 So.2d 1022 (Fla. 5th DCA 1981); State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979). Thus, in Goldberg, the critically defective allegation was that the defendants "did conspire ... with Rothstein or ... MacLean, or both" (emphasis supplied); in Battle, that the defendant conspired with "one Julio Acuno [sic] or Carlos Hernandez, or both, or other persons unknown" (emphasis supplied). The essential vice of the conspiracy charge in Giardino was that the objects of the conspiracy were alleged in the alternative,[1] thus making it
"impossible to determine the unlawful object of the charged conspiracy, [and moreover] ...
"impossible to determine the nature of the charged conspiracy to wit: whether the defendant Giardino in concert with his co-defendants (a) accepted, or (b) agreed to accept, or (c) requested or solicited, a certain sum of money from (a) Kozich and Kozich, Inc., Don Thomas Kozich, and Ronald Joseph Flory, jointly, or (b) Kozich and Kozich, Inc., individually, or (c) Don Thomas Kozich, individually, or (d) Ronald Joseph Flory, individually, for the purpose of having the defendant Giardino and the co-defendant Tresvant vote as Opa Locka city commissioners in favor of (a) awarding a contract for the construction of a public works building for the City of Opa Locka to Kozich and Kozich, Inc., or (b) approving change orders submitted by Kozich and Kozich, Inc. in connection with the construction of the above-mentioned public works building, or (c) both awarding the above-stated contract and approving the above-stated change order." Id. at 203-04 (emphasis supplied).
The conspiracy charge in the present case alleges neither alternative conspiracies nor alternative objects. Instead, it charges the defendants, Rodriguez-Jimenez and Borrego-Estrada, with conspiring with Salaverria and Gonzalez and Borrego and others unnamed[2]; and it forthrightly charges that the object of the conspiracy was the murder *922 of Martinez. Thus, in our view, the case before us is controlled by State v. Smith, 240 So.2d 807 (Fla. 1970), rather than the Goldberg-Battle-Giardino trilogy.
In Smith, the information charged that the defendant
"did then and there unlawfully combine, conspire, agree or confederate with each other and with JAMES PURKHISER, JOHN PHILEMON LUKE II, JOHN FRANCIS HENRY and HUBERT RAY STIDHAM to commit a felony punishable by death or imprisonment for life, to-wit: First Degree Murder, in that they combined, conspired, agreed or confederated on the 5th day of December, 1965 to then and there, unlawfully and feloniously and from a premeditated design, effect the death of MIGUEL ANGEL RIVERA, a human being." 240 So.2d at 808.
Holding that the information was "sufficient to advise the Defendant of `the nature of the accusation against him' ... and the accused could plead his conviction to a subsequent indictment or information based on the same facts," id. at 810, the court explained:
"The conspiracy, which is the gist of the offense, is adequately alleged. The object or purpose of the conspiracy, to effect the death of a human being, is adequately alleged even though it does not set forth the elements of the contemplated offense with particularity and technical precision. For example, it has been held that in an indictment for murder it is essentially necessary to set forth the manner of the death and the means by which it was effected.... In charging a conspiracy to commit murder in the first degree, it is unnecessary to allege the manner or means by which the death of the victim is to be effected, for the crime of conspiracy may be committed prior to the time that the manner or means of effecting the death is determined by the conspirators. In other words, two or more persons could unlawfully combine, conspire, agree, or confederate with each other to commit murder in the first degree (thereby committing the crime of conspiracy) with the understanding that the means of accomplishing the unlawful homicide would be determined at a later date." Id. at 810-11 (citations omitted).
The defendants' argument that it is impossible to determine from the charge who, among the conspirators, committed the acts set forth in the second paragraph of the conspiracy count is, of course, no ground for dismissal. First, the allegations of the manner or means by which the death of Martinez was to be effected are, as Smith tells us, unnecessary to the adequacy of the conspiracy charge. Second, since under Florida law it is unnecessary to allege overt acts when charging a conspiracy,[3] § 777.04(3); Slaughter v. State, 301 So.2d 762 (Fla. 1974), cert. denied, 420 U.S. 1005, 95 S.Ct. 1448, 43 L.Ed.2d 763 (1975); Etheridge v. State, 415 So.2d 864 (Fla. 2d DCA 1982); State v. Burkett, 344 So.2d 868 (Fla. 2d DCA 1977); State v. Trafficante, 136 So.2d 264 (Fla. 2d DCA 1961), these allegations are superfluous and only serve to allow the defendants to more adequately prepare a defense to the charge. Third, since the gist of the offense is the conspiracy, it is immaterial whether any of the acts alleged in the second paragraph of the conspiracy count were actually committed and who among the conspirators committed them if committed. See King v. State, 104 So.2d 730 (Fla. 1958). See also Smith v. State, 240 So.2d at 810-11. Therefore, the defendants, already the beneficiaries of the State's prolixity, cannot be heard to complain that the conspiracy charge, fully sufficient to charge an offense in paragraph one, does not tell them more in paragraph two.
Accordingly, the order dismissing the conspiracy count of the indictment is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] While Giardino added that "[t]here is confusion as to the participants in, as well as the unlawful object and nature of the charged conspiracy," because the indictment failed to identify the "other persons" with whom the named defendants conspired, it is clear that a conspiracy charge is not defective merely because the identity of other conspirators is not known, or such other conspirators are not named. "Of course, at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." Rogers v. United States, 340 U.S. 367, 375, 71 S.Ct. 438, 443, 95 L.Ed. 344, 350 (1951), and cases cited at n. 20; United States v. Booty, 621 F.2d 1291, modified and reh'g denied, 627 F.2d 762 (5th Cir.1980); United States v. Pruett, 551 F.2d 1365 (5th Cir.1977); United States v. Goodwin, 492 F.2d 1141 (5th Cir.1974). All that is required is that the evidence show that the unnamed co-conspirator did exist and that the defendant conspired with him. United States v. Pruett, 551 F.2d at 1369; United States v. Goodwin, 492 F.2d at 1144. Since these propositions are so clear and time-honored, we read this statement in Giardino as narrowly condemning a conspiracy charge where, as in Giardino, the "other persons" (there Kozich and Flory) are elsewhere named in the charge as obvious co-conspirators so that the disjunctive allegations pertaining to them rendered the conspiracy charge defective under the reasoning of Goldberg and Battle.
[2] See n. 1, supra.
[3] Federal law is otherwise. 18 U.S.C. § 371 (1976). See, e.g., United States v. Lichenstein, 610 F.2d 1272 (5th Cir.), cert. denied sub nom. Bella v. United States, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); United States v. Veltre, 591 F.2d 347 (5th Cir.1979); United States v. Anderson, 542 F.2d 428 (7th Cir.1976).