ERVIN, Chief Judge.
West appeals from a conviction for possession of a controlled substance. The only issue raised that merits discussion is whether the trial court erred in denying West’s motion, made after the state’s opening argument, for the state to elect which of two controlled substances it would rely upon for a conviction. We find no error and affirm.
The amended information charged West with possession of a controlled substance, “to wit: four (4) aluminum foil packets containing a white powder mixture of Heroin, Cocaine, or a combination thereof, in violation of Section 893.13(l)(e), Florida Statutes.” West’s argument that the amended information failed to give notice of the specific offense charged is unpersuasive. Florida Rule of Criminal Procedure 3.140(k)(5) states the following:
Alternative or Disjunctive Allegations. For an offense which may be committed by doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative such two or more acts, means, intents or results.
The offense described in Section 893.-13(l)(e), Florida Statutes, can be committed by doing one or more of several acts, including the act of possession of heroin or the act of possession of cocaine. Under rule 3.140(k)(5), then, an information may allege in the disjunctive or alternative such two or more acts. The instant amended information states in the disjunctive the controlled substance allegedly in West’s possession. It charges one defendant with one offense — unlawful possession of one controlled substance — arising out of one criminal episode. Whatever the controlled substance, the crime and the punishment are the same. The amended information therefore placed West on sufficient notice of the charged offense.
The instant case is distinguishable from those cases in which the state charged a single act in one count, but adduced proof of several acts. For example, in Adjmi v. State, 154 So.2d 812 (Fla.1963), the information contained one count charging one act of grand larceny by false pretenses. At trial, the state proved fourteen separate transactions, each suggesting grand larceny by false pretenses. Id. at 813-814. The supreme court held that the trial court’s denial of defendant’s motion to elect was reversible error. Id. at 817. In Adjmi, a single act was charged in a single count, but the state later proved several different incidents or transactions upon which it relied for conviction. In the instant case, however, the state alleged one offense and proved one offense, a single incident of possession of a controlled substance. AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.