PER CURIAM.
The state appeals the trial court’s dismissal of seven separate drug conspiracy informations. We have reviewed the informations and find them indistinguishable from the information which was upheld in State v. Casesa, 392 So.2d 1022 (Fla. 5th DCA 1981). The informations are sufficient to advise the defendants of the nature of the accusations against them, and they can plead any resulting convictions or acquittals to any other indictments or infor-mations based on the same facts. State v. Smith, 240 So.2d 807 (Fla.1970); State v. Rodriguez-Jimenez, 439 So.2d 919 (Fla. 3d DCA 1983).
We recognize the trial court’s concern over how many separate conspiracies existed among these defendants. The decision of whether to charge one vast conspiracy or a number of smaller conspiracies, however, lies with the state. It then becomes the state’s burden to prove what it charges. In the present cases, the state must prove, at least with respect to the defendants charged in more than one conspiracy information, that separate conspiracies did in fact exist.
The test of the sufficiency of an information is found in Rule 3.140(o), Florida Rules of Criminal Procedure. We find that the informations here are not so vague, indistinct and indefinite as to mislead the accused and embarrass them in the preparation of their defense nor expose them to substantial danger of a new prosecution for the same offense. The informations satisfy the test of Smith in that they are sufficiently precise to enable a person of common understanding to know what is intended. They supply the whys, hows and wherefores of the charges. Casesa. See also Rodriguez-Jimenez.
Accordingly, the order dismissing the in-formations is reversed and the causes are remanded to the trial court for further proceedings.