471 So.2d 1297 (1985)
The STATE of Florida, Appellant,
v.
Carmelo O. MENA, Zolia S. Gonzalez and Felix S. Cabada, Appellees.
No. 83-3019.
District Court of Appeal of Florida, Third District.
June 11, 1985.
Rehearing Denied July 23, 1985.
*1298 Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellant.
*1299 Chaykin, Karlan & Jacobs and Sharon Jacobs, Coral Gables, and Paul Morris, Miami, for appellees.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The state appeals an order dismissing a two-count information against the defendants. We have jurisdiction. Fla.R.App.P. 9.140(c)(1)(A). We reverse.
The state filed a two-count information against the three defendants charging them with trafficking in cocaine, § 893.135(1)(b), Fla. Stat. (1981), and conspiracy to traffic in cocaine, § 777.04(3), Fla. Stat. (1981). The trafficking count alleged that the defendants
on the 15th day of September, 1983, ... did knowingly sell or deliver and/or were knowingly in actual or constructive possession of 400 grams or more of COCAINE ..., in violation of 893.135 Florida Statutes... .
The conspiracy count alleged that the three defendants
beginning on or about the 15th day of September, 1983 and continuing through the 15th day of September, 1983, ... did unlawfully and feloniously agree, conspire, combine, or confederate one with the other, to commit a felony under the Laws of the State of Florida, to wit: the unlawful Trafficking in COCAINE,... by means of sale or delivery an amount 400 grams or more, and in furtherance of the unlawful agreement, conspiracy, combination, or confederation aforesaid, the defendants did meet with and talk to each other during the said period of time to discuss and plan details as to price, place, and time of delivery or sale of said COCAINE, and the amount of said COCAINE to be delivered, said conspiracy being in violation of 777.04 and 893.135 Florida Statutes.
The trial court found that the sale of illegal drugs is a crime separate and distinct from the delivery of illegal drugs, see Bosier v. State, 419 So.2d 1042 (Fla. 1982); Milazzo v. State, 377 So.2d 1161 (Fla. 1979), and dismissed both counts of the information finding them insufficient to inform the defendants of the charges against them because they alleged the commission of alternative crimes or acts. The state appeals.
We start with the fact that sale and delivery of controlled substances are separate offenses with separate definitions. It takes more of an evidentiary showing to prove a sale than a delivery because the element of consideration must be established in a sale. Bosier, 419 So.2d at 1044. See also Milazzo. Both of these criminal acts are prohibited under section 893.13, Florida Statutes (1981). When the state charges a defendant with an act in violation of this section, it should specify which offense it is charging. See Milazzo.
In the present case, however, the state is not prosecuting the defendants under section 893.13. Instead, the state has charged the defendants with violating section 893.135(1)(b), Florida Statutes (1981) in which the legislature created the felony of "trafficking in cocaine." The relevant portion of the statute provides:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine."
§ 893.135(1)(b), Fla. Stat. (1981). Accordingly, the offense of trafficking in cocaine can be committed by one or more of the several acts delineated in the statute, including sale and delivery.
The content and form of an information is controlled by rules adopted by the supreme court. See Fla.R.Crim.P. 3.140-.153. The rule relevant to this case provides:

Alternative or Disjunctive Allegations. For an offense which may be committed by doing of one or more of several acts, or by one or more of several means, or with one or more of several intents or results, it is permissible to allege in the disjunctive or alternative *1300 such two or more acts, means, intents or results.
Fla.R.Crim.P. 3.140(k)(5). Applying this rule to the trafficking count of the present information, we find that the state has permissibly alleged in the disjunctive or alternative several acts by which the offense of trafficking in cocaine can be committed.[1],[2]See State v. Rand, 231 So.2d 31 (Fla. 3d DCA 1970). See also Young v. State, 439 So.2d 306, 308 n. 5 (Fla. 5th DCA 1983) (receded from in part in Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984)); West v. State, 456 So.2d 946 (Fla. 1st DCA 1984).
The cases relied upon by the court in dismissing the conspiracy count we find to be inapplicable in the present case. The conspiracy charges in Goldberg v. State, 351 So.2d 332 (Fla. 1977), and Battle v. State, 365 So.2d 1035 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 76 (Fla. 1979), were found to be insufficient to inform the defendants of the accusations against them essentially because in both of those cases the defendants were charged with alternative conspiracies.[3] The essential vice of the conspiracy charge in State v. Giardino, 363 So.2d 201 (Fla. 3d DCA 1978), was that the objects of the conspiracy were alleged in the alternative, thus making it impossible to determine the unlawful object of the charged conspiracy. State v. Rodriguez-Jimenez, 439 So.2d 919 (Fla. 3d DCA 1983). As in Rodriguez-Jimenez, the conspiracy count in the present case, however, alleges neither alternative conspiracies nor alternative objects. Rather, it charges the defendants, Mena, Gonzalez and Cabada, with conspiring with each other and forthrightly charges that the object of the conspiracy was trafficking in cocaine.
The defendants' contention that the state must more specifically allege by what means they intended to commit the trafficking offense is without merit. To paraphrase the holding in Rodriguez-Jimenez, first, the allegations of the manner or means by which the cocaine trafficking offense was to be committed are unnecessary *1301 to the adequacy of the conspiracy charge; second, since under Florida law it is unnecessary to allege overt acts when charging a conspiracy, these allegations are superfluous and only serve to allow the defendants to more adequately prepare a defense to the charge; third, since the gist of the offense is a conspiracy, it is immaterial whether any of the acts alleged at the end of the conspiracy count were actually committed and who among the conspirators committed them if committed. 439 So.2d at 922 (citations and footnote omitted). See State v. Smith, 240 So.2d 807 (Fla. 1970). Therefore, the defendants, already the beneficiaries of the state's prolixity, cannot be heard to complain that the conspiracy count, fully sufficient to charge an offense in the first half of the charge, does not tell them more in the second half.[4]Rodriguez-Jimenez, 439 So.2d at 922. See State v. Casesa, 392 So.2d 1022 (Fla. 5th DCA 1981). See also State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979) (upholding information charging a conspiracy to possess with intent to sell or deliver cannabis).
An information must contain a statement of the facts relied upon as constituting the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is intended, and with such precision that the defendant may plead his conviction or acquittal to a separate indictment or information based upon the same facts. Smith; Casesa. No information, or any count thereof, should be dismissed unless the court finds that the "information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Fla.R.Crim.P. 3.140(o). In other words, all that is required of the information is that it sufficiently apprise the defendant of the charges against him so that he may adequately prepare his defense and not be unfairly surprised by the evidence he is called upon to meet. State v. Kopulos, 413 So.2d 1195 (Fla. 2d DCA), appeal dismissed sub nom. Bonk v. State, 419 So.2d 1195 (Fla. 1982).
The counts of the information in the present case tracked the language of both the cocaine trafficking statute, § 893.135(1)(b), Fla. Stat. (1981), and the conspiracy statute, § 777.04(3), Fla. Stat. (1981), which rendered them sufficient. Kopulos; Casesa; Rand. See generally Martinez v. State, 368 So.2d 338 (Fla. 1978) and cases cited. The information satisfies the test of Smith in that it is sufficiently precise to enable a person of common understanding to know what is intended. It supplies the whys, hows and wherefores of the charges. State v. Salva, 456 So.2d 954 (Fla. 3d DCA 1984); Casesa. The defendants have failed to show that they are prejudiced by any inartful pleading contained in the information. See Kopulos.
Accordingly, the order dismissing the two counts of the information is reversed and the cause remanded for further proceedings.
NOTES
[1] Prior to the adoption of Florida Rule of Criminal Procedure 3.140(k)(5), the rule in Florida was that when a statute provided that an offense could be committed by two or more methods, the information could charge in one count any one method or any larger number, provided that if more than one method was charged they were connected with the conjunctive "and" where "or" occurred in the statute. Proof of any one of the methods alleged would sustain a conviction. See Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937); Strobhar v. State, 55 Fla. 167, 47 So. 4 (1908). See also the trial court's analysis set forth in State v. Rand, 231 So.2d 31 (Fla. 3d DCA 1970). Subsequent to the adoption of Rule 3.140(k)(5) by the supreme court, however, such procedure is no longer necessary. Rand.

We decline to adopt the defendants' argument which would have us infer from dicta in Bosier that Rule 3.140(k)(5) does not apply to the trafficking statute. Bosier did not involve an information charging a defendant with trafficking by sale or delivery. Rather, the information charged the defendant with trafficking by for consideration." The issue before the court was whether this was merely a charge of delivery, in which case an attempt instruction would be inappropriate, or a charge of sale, in which case an attempt instruction would have been appropriate if the evidence adduced at trial supported such an instruction. See Milazzo. After recognizing that the instructions given to the jury and the verdict returned were phrased in terms of "delivery," and that the element of consideration was not mentioned, the court agreed with the state that the charge was of delivery and the words "for consideration" were mere surplusage. The court, therefore, found that an attempt instruction would have been improper, but criticized the state for its ambiguous charge. Bosier, 419 So.2d at 1043. No such ambiguity exists in the present case. But see Bosier, 419 So.2d at 1044 (pointing out the problems and weaknesses of the statutory scheme that should be cured by the legislature).
[2] Of course, if the defendants feel that the information fails to inform them of the particulars of the offense sufficiently to enable them to prepare their defense, they may request the court to order the state to furnish a statement of particulars. Fla.R.Crim.P. 3.140(n).
[3] In Goldberg, the critically defective allegation was that the defendants "did conspire ... with Rothstein or ... MacLean, or both". In Battle the defective allegation was that the defendant conspired "with one Julio Acuno or Carlos Hernandez or both, or other persons unknown". In both cases the informations charged alternative conspiracies making it impossible to determine who was involved in the alleged conspiracies. See State v. Rodriguez-Jimenez, 439 So.2d 919, 921 (Fla. 3d DCA 1983).
[4] See supra note 2.