365 So.2d 1035 (1978)
Jose Miguel BATTLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-100.
District Court of Appeal of Florida, Third District.
December 19, 1978.
Rehearing Denied January 22, 1979.
*1036 Jack R. Blumenfeld, Miami, Raymond A. Brown, Jersey City, N.J., Alan Silber, East Orange, N.J., for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HUBBART, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction and sentence for conspiracy to commit a felony and solicitation of a felony. Appellant was sentenced to thirty years in the State Penitentiary for each crime, the sentences to run concurrently. He was also fined $5000 for each crime. Of the points raised on appeal by appellant from this judgment and conviction, it is our opinion that two of the points require discussion and reversal.
Appellant contends in one of these points that the trial court erred in entering the final judgment and sentence because, under the facts of this case, Florida had no jurisdiction to convict or punish him for the crime of solicitation.
In support of this contention, appellant makes the following argument: The facts adduced by appellee, the prosecution below, to support the charge of solicitation all took place in the State of New Jersey. It is undisputed that the only connection which Florida had with the facts presented is that the victim of the crime was in Florida and that Carlos Hernandez (not a party herein) took a trip to Florida after the solicitation was made, allegedly for the purpose of committing the crime solicited. Appellant argues that this, by itself, was not sufficient to give Florida jurisdiction.
It is appellee's position that appellant's conduct outside Florida constituted an attempt to commit an offense within Florida; therefore, appellant was subject to prosecution in Florida, even if the pertinent acts occurred wholly outside Florida. In support of this position, appellee relies upon Section 910.005(1)(b), Florida Statutes (1975).
The record supports the facts asserted in appellant's argument. From this argument, it appears that the heart of appellant's defense is that the crime of solicitation is complete after the solicitation is made, and requires no acceptance by the person solicited. The actions of the person solicited are irrelevant to the crime of solicitation. Although neither appellant nor appellee have cited us to any Florida authority *1037 directly on point, nor has our research revealed any, this proposition is supported in LaFave and Scott, Criminal Law, 414-22 (1972); and Perkins, Criminal Law, 582 (2d Ed. 1969).
In our opinion, the solicitation was complete after it was made and no element of the crime of solicitation took place in Florida; therefore, Florida was without jurisdiction to try appellant for this offense. In this case, although the acts solicited were to be performed in Florida, the crime charged in the indictment of solicitation was committed wholly outside Florida. Thus, contrary to appellee's contention, Section 910.005(1)(b), Florida Statutes (1975), did not confer jurisdiction in the Florida courts. See generally Annot., 56 A.L.R.2d 953 (1957).
In another of appellant's points on appeal, he contends that the trial court erred in denying his pretrial motion to dismiss the conspiracy count of the indictment (Count I) on the grounds that the wording was vague and did not inform him of the charges against him to the extent that he could properly prepare his defense or protect himself against being placed in jeopardy.
The contentious part of the indictment reads as follows:
"... (T)hat beginning on the first day of February, 1976, and continuing through the 18th day of June, 1976, . . Jose Miguel Battle did unlawfully and feloniously agree, conspire, combine or confederate with one Julio Acuno or Carlos Hernandez or both, or other persons unknown to the Grand Jury at this time, to commit a felony under the laws of the State of Florida, to-wit: Murder in the first degree, ... and ... the defendant did meet with the said Julio Acuna or Carlos Hernandez or both, or other persons unknown to the Grand Jury at this time, during the same period of time to discuss and plan details as to the premeditated murder of one Ernesto Torres ..."
Among the requirements for the allegations in an indictment to be sufficient are (1) the specificity test, i.e., does the indictment contain all the elements of the offense pleaded in terms sufficient enough to apprise the accused of what he must be prepared to meet, and (2) is the indictment pleaded in such a manner as to enable the defendant to plead prior jeopardy as a defense if additional charges are brought for the same offense. See, e.g., Russell v. U.S., 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); State v. Smith, 240 So.2d 807 (Fla. 1970); Victer v. State, 174 So.2d 544 (Fla. 1965); and State v. Jones, 312 So.2d 483 (Fla. 4th DCA 1975). Further, our Supreme Court has recently considered the criteria for sufficiency in conspiracy cases in Goldberg v. State, 351 So.2d 332 (Fla. 1977), as this court has likewise done in State v. Giardino, 363 So.2d 201 (Fla. 3d DCA 1978). Applying the principles developed in the above cases to the instant cause, we are of the opinion that Count I of the indictment was insufficient. It is impossible to ascertain whether the indictment charges that appellant conspired with Acuna and Hernandez jointly or severally, or whether appellant conspired entirely with persons unknown. Also, it is impossible to tell whether appellant met with Acuna and Hernandez jointly or severally, or whether appellant met with persons unknown to plan the murder of Torres. Because appellant was left to guess who these other conspirators might be and because the vagueness of the allegations did nothing to protect him from further prosecution, we are of the opinion that they were too vague and indefinite to meet the requirements set forth above. Accordingly, in our opinion the trial court erred in failing to dismiss Count I of the indictment for conspiracy against appellant.
Based on our determination of the two points discussed above, we must reverse the judgment and sentence appealed. In regard to the solicitation charge in the indictment, we direct that appellant be discharged; however, in regard to the conspiracy charge in the indictment, we remand the cause to the trial court for further action not inconsistent herewith. Further, *1038 in the light of these determinations, it is unnecessary for us to consider the other points raised on appeal by appellant.
Reversed and remanded with directions.