COWART, Judge.
This is an appeal from a final determination in a criminal case following the denial of a motion to dismiss under Florida Rule of Criminal Procedure 3.190(e)(4).
Appellant, while in a department store where he had a charge account, gathered up several items of merchandise. He concealed one item (a travel kit valued at $25) on himself and removed the price tags on all of the other items except one, a pair of pajamas. He then approached a sales clerk, saying that he wished to purchase the pair of pajamas and inferring that he had previously purchased the other items (valued at $91) and was returning them to the store for credit on his account. After accomplishing this scheme, he exited the store with the concealed travel kit, was apprehended and charged with grand theft second degree (§ 812.014(2)(b), Fla.Stat. (1979)), the charging document alleging that appellant endeavored “to obtain or use merchandise, credit and U. S. currency, of a value of $100 or more.”
Appellant’s main contention is that his removal of merchandise from its original place in the store and its “return” to the possession of the store, did not constitute a theft and that, without the addition of its value ($91) to the value of the travel kit ($25), he could not be guilty of obtaining property of a value of $100 or more, as is necessary for grand theft. Appellant’s contentions present a question as to whether credit, as appellant endeavored to obtain by his artifice in this case, can constitute property which is the subject of theft. Section 812.012(3), Florida Statutes (1979), defines “property” as “anything of value,” includ *16 ing “intangible personal property, including rights, privileges, interests, and claims.” We answer appellant’s question in the affirmative and hold that credit on a charge account is property which may be the subject of theft under Florida’s omnibus theft statute, section 812.014, Florida Statutes (1979).
Appellant also contends that, at most, the evidence establishes two misdemeanors of petit theft rather than one felony of grand larceny. Appellant’s argument is based on his assumption that the theft of the credit occurred and was completed before the theft of the travel kit occurred and that the theft of the travel kit did not occur until he left the store without paying for it. The crime of theft encompasses not only the completed theft but also the attempt to steal. § 812.014(1), Fla.Stat. (1979). Therefore, the theft or attempted theft of multiple items, such as the credit and travel kit, at the same time and place, can constitute one theft. See Hearn v. State, 55 So.2d 559 (Fla.1955); Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981). The determination as to whether there was one or two factual events is itself a question of fact for the jury.
AFFIRMED.
ORFINGER and SHARP, JJ., concur.