JORGENSON, Judge.
Tobe was charged in a single count information with, and convicted by a jury of, second degree grand theft.[1] He alleges that the trial court erred by improperly instructing the jury on the value of the stolen merchandise. We agree and therefore reverse and remand for a new trial.
At trial Tobe conceded that he was guilty of the theft of two men’s suits from J.C. Penney but claimed that their fair market *402 value was less than the $100 minimum value necessary to be convicted under section 812.014(2)(b)(l), Florida Statutes (1981).
The trial court instructed the jury on value by reading the standard grand theft jury instruction, founded upon section 812.012(9), Florida Statutes (1981). The court erred by adding to this instruction the definition of value contained in the retail theft statute, section 812.015(l)(c), Florida Statutes (1981). Under the retail theft statute, value means the “sale price of the merchandise at the time it was stolen.” A conviction under the retail theft statute is a misdemeanor of the second degree, while a grand theft conviction is a felony of the third degree. They are separate and distinct crimes imposing separate and distinct sentences. “Value” needed to convict under the grand theft statute is not “value” needed to convict under the retail theft statute. Under the standard instruction for grand theft a jury may find that sale price is or is not fair market value, while under the retail theft statute the jury must find that sale price is equal to “value of merchandise.”
The addition of the retail theft statute instruction regarding the definition of value, the central issue of this case, required the jury to find Tobe guilty of grand theft. The additional instruction had the effect of improperly directing a verdict for the state. Because Tobe was not charged with retail or petit theft it was reversible error to instruct the jury on the definition of value contained in the retail theft statute. The court’s jury charge should clearly instruct the jurors on the law they are to apply in deciding factual issues in the case before them. See United States v. Wolfson, 573 F.2d 216 (5th Cir.1978); cf. Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979) (jury instructions must be confined to issues concerning evidence received at trial); Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975), cert. denied mem., 336 So.2d 108 (Fla.1976) (same).
Reversed and remanded for a new trial.

. See § 812.014(2)(b)(l), Fla.Stat. (1981).