443 So.2d 343 (1983)
Dude EMSHWILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-908.
District Court of Appeal of Florida, Second District.
December 28, 1983.
*344 Jerry Hill, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Dude Emshwiller, appeals his judgment and sentence of three years for the offense of grand theft. We affirm.
This appeal presents to us a rather confused record in regard to the exact crime with which appellant was charged and convicted. In sorting through the confusion, we must decide whether or not "retail theft" of merchandise, as defined in section 812.015, Florida Statutes (1981), where value is alleged and proved, is a separate criminal offense from "theft" as contemplated by section 812.014, Florida Statutes (1981). We hold that it is not and, in doing so, are in conflict with Tobe v. State, 435 So.2d 401 (Fla. 3d DCA 1983). The caption of the information charging appellant below is titled an "Information for Retail Theft." The body of the information charges that appellant did "unlawfully take possession of, or carry away, merchandise of a value of $100 or more," with the intent to deprive the owner of the "full retail value of said property; contrary to chapter 812.014/812.015, Florida Statutes." It is apparent that throughout the proceedings below, appellant, appellee, State of Florida, and the court considered that appellant was charged with and tried for grand theft of the second degree. Appellant consented to a verdict form that had three options for the jury: "guilty of grand theft as charged," "guilty of petit theft as included" and "not guilty." The jury selected the option of "guilty of grand theft as charged."
At the charge conference below, appellant requested a specific instruction as to the definition of market value, urging upon the trial judge the classic definition of "what a willing seller is willing to accept and a willing buyer is willing to pay when neither is compelled to sell or buy." The appellee instead successfully urged upon the trial judge the definition of retail theft as contained in the Standard Jury Instructions in Misdemeanor Cases. The trial judge agreed, specifically stating that he did not "think we are dealing with market value."
On the same day as the jury returned its verdict, the trial judge entered a judgment adjudicating appellant guilty of "Retail Theft" with the words "Grand Theft" entered parenthetically thereunder, and citing "812.014/812.015" as the "Offense Statute Number(s)." Sentencing was continued pending completion of a pre-sentence investigation. On the day of sentencing, inexplicably, another judgment was entered which adjudicated appellant guilty of "Retail Theft." This second judgment states only "retail theft" as the crime for which appellant was convicted. While it makes no reference to "Grand Theft," it cites as the "Offense Statute Number(s)" only section "812.014(2)(b)(1)."
Our colleagues at the Third District Court of Appeal held in Tobe that under section 812.015, "retail theft" of merchandise where its sale value is alleged and proved, is a second degree misdemeanor, separate and apart from a "theft" under section 812.014. The Standard Jury Instructions In Misdemeanor Cases include an instruction on such an offense. However, we cannot conclude that such a separate *345 offense exists where the sale value of the merchandise is alleged and proved. While section 812.015(1)(d) defines "retail theft," nowhere in section 812.015 is any specific punishment prescribed for "retail theft," nor is it designated either a felony or a misdemeanor. Only in section 812.015(2) is punishment referred to in regard to "theft," and that subsection is an enhancement provision that refers to "a second or subsequent conviction for petit theft involving merchandise." (Emphasis supplied.) Section 812.014(2)(c) does provide that theft of any property not specified in section 812.014(2)(a) or (b), is petit theft and a misdemeanor of the second degree. However, we conclude that theft of merchandise offered for sale in a retail establishment is included in section 812.014(2)(a) or (b), if the sale price is $100 or more. Further, we cannot perceive when the "value of merchandise" as defined in section 812.015(1)(c) would ever be less than the market value of the property at the time and place of the offense, as "value" is defined in section 812.012(9)(a). Therefore, if the sale price of merchandise is $100 or more, the theft of that merchandise is an offense under section 812.014(2)(a) or (b), and if less than $100, it is petit theft under section 812.014(2)(c). We arrive at our conclusion that there is no separate crime of "retail theft" of merchandise where value is alleged and proved by an analysis of the legislative history of what are now sections 812.014 and 812.015, Florida Statutes (1981).
In 1973, larceny and related crimes were the subject of chapter 811, Florida Statutes (1973). The criminal offense then, commonly known as "shoplifting," was a specific criminal offense defined in subsection 811.021(1)(d) of the general larceny statute, section 811.021, Florida Statutes (1973). On the other hand, section 811.022, Florida Statutes (1973), was entitled "Shoplifting; penalties; prima facie evidence of concealment; detention and arrest; exemption from false arrest." Regardless of what that title stated, section 811.022, Florida Statutes (1973) merely set forth the arrest procedures and exemptions from liability therefrom, when there was probable cause for arresting a person for the offense of "shoplifting," provided for in section 811.021(1)(d), Florida Statutes (1973). In section 40, chapter 74-383, Laws of Florida (1974), the legislature redefined larceny and transferred the larceny statute from section 811.021 to section 812.021. "Shoplifting" continued to be defined as a specific offense in subsection 812.021(1)(d). However, section 65, chapter 74-383 transferred section 811.022, which dealt with the arrest procedures in a "shoplifting" case, to chapter 901 being the chapter of Florida Statutes entitled "Arrests."
In 1975, the legislature, by chapter 75-144, changed the title of section 901.34 from "shoplifting" to "retail theft," and added a penalty for resisting arrest. In 1977, the legislature enacted chapter 77-342, Laws of Florida (1977) which, among other things, repealed[1] section 812.021, the general larceny statute, and enacted[2] in its place the new "theft" statute, now section 812.014, Florida Statutes (1983). In 1978, by chapter 78-348, the legislature again amended section 812.014, Florida Statutes (1977) to add "knowingly" to the definition of theft. At the same time, the retail theft arrest statute, section 901.34 was repealed[3] and re-enacted, with amendments, as section 812.015.[4] This new section still did not create a crime of "retail theft" of merchandise separate from "theft" as provided for in section 812.014. It did enhance the penalties on a second or subsequent conviction for "petit theft," and provided more detailed arrest procedures, but it created no new crime of retail theft of merchandise where its sale value is alleged and proved.
We conclude that the trial judge's statement that he did not "think we are dealing with market value" is not entirely *346 correct. We do, however, conclude that the instructions he gave were sufficiently free from error as not to require reversal. While he instructed that appellant was accused of retail theft, he explained that the punishment "for the crime of theft is greater depending upon the value of the property," and proceeded to instruct on grand theft and petit theft. He then instructed that "value of merchandise means the sale price of the merchandise at the time it was stolen." We believe that is correct. Instead of creating a separate crime of "retail theft" of merchandise by enacting section 812.015, we believe the legislature simply provided a set standard by which the market value of property stolen from a retail establishment is determined. In all such cases, a jury's search for "market value" need proceed no further than determining the sale price of the items stolen at the time of the theft.
The issue is not before us here, but we conclude that a charge could be made under section 812.015 in regard to the taking or carrying away of merchandise, altering or removing a label or price tag, transferring merchandise from one container to another, removal of a shopping cart, or theft of farm produce where the element of value is not alleged, or if alleged, not proved. In that instance, the offense would be a misdemeanor of the second degree pursuant to section 812.014(2)(c).
We, therefore, affirm appellant's conviction and sentence. We remand, however, to have the judgment of March 29, 1983, reflect that the crime for which appellant was convicted was grand theft as provided in section 812.014.
DANAHY, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Ch. 77-342, § 16, Laws of Fla.
[2] Ch. 77-342, § 4, Laws of Fla.
[3] Ch. 78-348, § 3, Laws of Fla.
[4] Ch. 78-348, § 2, Laws of Fla.