462 So.2d 457 (1985)
Dude EMSHWILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 64763.
Supreme Court of Florida.
January 10, 1985.
Jerry Hill, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for petitioner.
Jim Smith, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
SHAW, Justice.
This case is before us on petition to review Emshwiller v. State, 443 So.2d 343 (Fla. 2d DCA 1983). We granted review based on conflict with Tobe v. State, 435 So.2d 401 (Fla. 3d DCA 1983). Art. V, § 3(b)(3), Fla. Const.
As stated by the district court below, this case presents
a rather confused record in regard to the exact crime with which appellant was charged and convicted... . The caption of the information charging appellant below is titled an "Information for Retail Theft." The body of the information charges that appellant did "unlawfully take possession of, or carry away, merchandise of a value of $100 or more," with the intent to deprive the owner of the "full retail value of said property; contrary to chapter 812.014/812.015, Florida Statutes." It is apparent that throughout the proceedings below, appellant, *458 appellee, State of Florida, and the court considered that appellant was charged with and tried for grand theft of the second degree. Appellant consented to a verdict form that had three options for the jury: "guilty of grand theft as charged," "guilty of petit theft as included" and "not guilty." The jury selected the option of "guilty of grand theft as charged."
Emshwiller, 443 So.2d 343, 344.
Evidence at trial established that petitioner took sixteen twelve-packs of beer and six cartons of cigarettes from an Albertsons store. Under the theft statute, the appropriate penalty range is determined by the valuation of the property involved. Valuation of less than $100 separates petit theft from grand theft. Petitioner requested that the jury be given the following instruction on market value: "what a willing seller is willing to accept and a willing buyer is willing to pay when neither is compelled to sell or buy." The state persuaded the court to give the definition of retail theft contained in the Standard Jury Instructions in Misdemeanor Cases: the sale price at the time the merchandise was stolen. This definition is also contained in the retail theft statute. § 812.015(1)(c), Fla. Stat. (1981). The jury found petitioner guilty of grand theft. The judgment entered on the day of the verdict, February 22, 1983, adjudicated petitioner guilty of "retail theft," with "grand theft" written parenthetically and "812.014/812.015" cited as the offense statute numbers. On the day of sentencing, March 29, 1983, another judgment was entered citing as the offense statute number section 812.014(2)(b)(1), but spelling out "retail theft."
The district court affirmed the conviction and sentence, but remanded to have the judgment reflect that the crime for which petitioner was convicted was grand theft. In its ruling the court rejected petitioner's argument, and the reasoning in Tobe, that retail theft of merchandise is a separate crime from other theft and that a conviction under the retail theft statute is necessarily a second-degree misdemeanor. It arrived at this result by analyzing the legislative history of sections 812.014, Florida Statutes (Supp. 1982), and 812.015, and concluding that section 812.015 created no new crime of retail theft, but "simply provided a set standard by which the market value of property stolen from a retail establishment is determined." Emshwiller, 443 So.2d at 346. We approve the decision of the district court.
Under section 812.015, retail theft is a species of the theft defined in section 812.014, not a separate crime for purposes of penalty determination. Section 812.015 does not contain a penalty provision for first offenses, but merely enhances penalties for a second or subsequent conviction for petit theft involving merchandise or farm produce taken from a merchant or farmer. Were retail theft a crime necessarily constituting only a misdemeanor, there would be no need to make any determination as to value.
Petitioner argues that even if retail theft is not a separate crime, the instruction on value to the jury as sale price at the time stolen is too narrow. We disagree, as we have previously equated market value with retail price where the theft is from a department store and salability at the retail price is established. See Negron v. State, 306 So.2d 104, 108-09 (Fla. 1975).
The decision under review is approved. Language to the contrary in Tobe is disapproved.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.