PER CURIAM.
The state appeals from an order dismissing an information that charged appellee with possession of cannabis in excess of twenty grams.
The Coast Guard boarded appellee’s boat in international waters forty miles due east of Fort Lauderdale and found a bale and a cardboard box of marijuana. Appel-lee moved to dismiss the information on the grounds that Florida had no jurisdiction over the subject matter or appellee’s person because the entire offense occurred outside the state’s jurisdiction. The state filed a traverse and alleged the following facts:
1) That the Defendant left Fort Lauder-dale in his boat to go to Bimini;
2) That the Defendant left Bimini and was returning to Fort Lauderdale with 70 (seventy) pounds of cannabis aboard his boat when he was stopped and boarded by the Coast Guard;
3) That the boat in question is registered in Broward County, Florida;
4) That the Defendant lives in Fort Lauderdale, Florida;
5) That the Defendant purchased the boat in Fort Lauderdale, Florida;
6) That the lien on the boat is held by a Fort Lauderdale bank;
7) That the boat is generally kept in Bro-ward County.
The motion was granted and the charges were dismissed. We reverse.
Section 910.005(1)(b) provides:
(1) A person is subject to prosecution in this state for an offense that he commits, while either within or outside the state, by his own conduct ... if:
[[Image here]]
(b) the conduct outside the state constitutes an attempt to commit an offense within the state.
This subsection confers jurisdiction over an offense occurring wholly outside the state where an attempt has been made to commit the offense within the state. An attempt occurs where the defendant “does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same....” § 777.04(1), Fla.Stat. (1985).
In United States v. Gray, 659 F.2d 1296 (5th Cir.1981) the federal court of appeals held that the district court had jurisdiction over a case involving drugs found on a boat outside the territorial limits. The court found evidence from an expert in ocean navigation that the vessel was headed for Florida, as well as the defendant’s own admission that his next port of call and home port was Clearwater, Florida, sufficient to show that the defendants intended to consummate the conspiracy of importing controlled substances, in violation of federal law, within the United States. Id. at 1298.
We recognize that in Battle v. State, 365 So.2d 1035 (Fla. 3d DCA 1978), cert. denied, 376 So.2d 76 (Fla.1979), the district court held that where all of the elements of the crime of solicitation took place outside of Florida, the statute did not confer juris *475 diction on Florida courts. However the facts of this case materially differ from those in Battle because of defendant’s attempt to commit the offense in Florida.
Here appellee committed the offense of possession outside the state. However the state alleged facts from which a jury could find that he also attempted to commit the crime within the state because he was headed for Fort Lauderdale with the marijuana aboard and that he failed in his attempt to commit the offense only because he was intercepted by the Coast Guard. The state’s traverse contained sufficient allegations, pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure, to withstand appellee’s motion to dismiss and the trial court should have denied the motion. State v. Oberholtzer, 411 So.2d 376 (Fla. 4th DCA 1982).
We reverse the order of dismissal and remand this cause for further proceedings.
GLICKSTEIN, DELL and STONE, JJ., concur.