519 So.2d 734 (1988)
Cardinal SCOTT, Johnnie Mae Cobb and Sharon King, Appellants,
v.
The STATE of Florida, Appellee.
No. 86-2322.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Bennett H. Brummer, Public Defender and Robert Kalter, Sp. Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The only evidence of the value of the ten pairs of pants stolen by the defendants from a retail store was the price tags of $27.00 each they bore at the time of the crime. Contrary to the defendants' sole contention on this appeal from their grand theft convictions, we hold that this evidence was sufficient to support the finding that the goods were worth over $100.[1]Emshwiller v. State, 462 So.2d 457, 458 (Fla. 1985) (proper to instruct jury in grand theft case that value of goods sold at retail is "the sale price of the merchandise at the time it was stolen"), aff'g, 443 So.2d 343 (Fla. 2d DCA 1983); Negron v. State, 306 So.2d 104 (Fla. 1974); Thompson v. State, 249 So.2d 51 (Fla. 3d DCA 1971). Although there is no case which so holds, and although the defendants do not suggest what the nature of that evidence might be, they contend that the state must also introduce some independent testimony that the merchandise was "salable" at or near the designated price. This is plainly incorrect. To the extent that the Emshwiller and Negron cases suggest that "salability" might be a factor in determining value,[2] they also clearly indicate that the price tag itself supplies sufficient evidence of this element *735 to carry the case to the jury and to support a guilty verdict as to the valuation issue. Negron, 306 So.2d at 108-09 ("At least the evidence should have shown the retail prices of all the allegedly stolen items in order to clearly demonstrate their market value and a salability at that price near the time of the alleged theft." [e.s.]); see also Emshwiller, 462 So.2d at 458.
Two of the defendants who were habitual offenders were given terms of seven and ten years respectively in accordance with their guidelines recommendations. We again reject the defendants' contention, citing Whitehead v. State, 498 So.2d 863 (Fla. 1986), that the habitual offender statute may no longer be employed to enhance the statutory sentence for the substantive crime, which, in the present case of grand theft, is five years. We have held to the contrary in Condiles v. State, 512 So.2d 331 (Fla. 3d DCA 1987); Wooten v. State, 515 So.2d 331 (Fla. 3d DCA 1987); Johnson v. State, 513 So.2d 1388 (Fla. 3d DCA 1987); and Bellinger v. State, 513 So.2d 732 (Fla. 3d DCA 1987), and do so again. Accord Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987). We certify the same question framed in Condiles to the supreme court.
Affirmed.
NOTES
[1] At the time of the crime, the petty theft-grand theft breaking point was $100. It has since been raised to $300. § 812.014(2)(b), Fla. Stat. (Supp. 1986).
[2] Under our view of the pertinent language in Emshwiller and Negron, the defendant would be permitted to introduce his own evidence, contrary to the indication provided by the price tag, that the item is in fact not reasonably salable at that price. (The obvious reason that the marked price is itself sufficient to show value and salability is that it reflects the merchant's commercial decision that the product may be sold for that amount. (The defendants do not contend that the store deliberately inflated the price in order to trap them into felony convictions when they shoplifted its merchandise.)) The introduction of such countervailing evidence by a theft defendant (which did not occur in this case) would merely make the value and salability questions for the jury to resolve.