SORONDO, J.
(dissenting).
I respectfully dissent and would affirm defendant’s conviction for the crime of grand theft. In Scott v. State, 519 So.2d 734 (Fla. 3d DCA 1988), the accused was charged with grand theft. The only evidence presented by the state to establish the value of the stolen items of clothing were the price tags they bore. This court affirmed the conviction holding that “this evidence was sufficient to support the finding that the goods were worth [more than the threshold for grand theft].” Id. at 734. I believe Scott was correctly decided and its holding is equally applicable to the facts of this case. The listed value of each of the telephone cards at issue was $99.99. Defendant stole seven of these and consequently committed the crime of grand theft. See Emshwiller v. State, 462 So.2d 457 (Fla.1985).
In Brown v. State, 414 So.2d 15 (Fla. 5th DCA 1982), the Fifth District Court of Appeal addressed the issue of whether credit can constitute property that is the subject of the theft. The facts of Brown are succinctly set out by the court:
[Defendant], while in a department store where he had a charge account, gathered up several items of merchandise. He concealed one item (a travel kit valued at $25) on himself and removed the price tags on all of the other items except one, a pair of pajamas. He then approached a sales clerk, saying that he wished to purchase the pair of pajamas and inferring (sic) that he had previously purchased the other items (valued at $91) and was returning them to the store for credit on his account. After accomplishing this scheme, he exited the store with the concealed travel kit, was apprehended and charged with grand theft second degree....
*953 Id. at 15. The defense argued that the removal of the items at issue and its “return” to the possession of the store did not constitute a theft, and that without their $91.00 value the taking of the travel kit constituted nothing more than petit theft.
The court observed that section 812.012(3), Florida Statutes (1979),[3] defines “property” as anything of value, including “intangible personal property, including rights, privileges, interests, and claims.” Given this definition, the court concluded that “credit on a charge account is property which may be the subject of theft under Florida’s omnibus theft statute, section 812.014, Florida Statutes (1979).” Id. at 16; see also McCormick v. State, 309 So.2d 257 (Fla. 4th DCA 1975).
The value of the telephone cards in the present case was the $99.99 credit for telephone use contained on each card. Defendant’s intent was not to steal a relatively worthless piece of plastic, but rather the credit contained therein. Defendant did not steal the telephone cards that retailed for ten, fifteen or twenty dollars. His clear intent was to steal cards that offered much more. In the language of section 812.014, defendant “endeavor[ed] to obtain or use the property of another,” which property was valued at more than $300.00.
Even if the cards were not immediately useable for their intended purpose without activation by the store’s management, in my view an irrelevant factor, in this particular case the defendant admitted that his sister was employed by Wal-Mart and was prepared to use her access to the store to illegally activate the cards.[4] Under the majority’s reasoning, the theft of a single telephone card with one dollar worth of telephone use, the theft of the seven cards stolen in this case, and the theft of 1,000 cards contained in a box at the rear of the store (assuming that the value of the raw materials used to create that many cards is less than $300.00), all constitute the same offense regardless of the credit available on the cards-petit theft. This conclusion is simply unreasonable and makes for poor public policy.
I would apply the logic of Scott and affirm.

. The statute has not changed in this regard.

. Even if defendant did not have an "insider” to help him, experience teaches that just as there is no web site the talented "hacker” cannot penetrate, and no encrypted message the experienced snoop or spy cannot unravel, títere is no activation code the determined thief cannot duplicate. The suggestion that only Wal-Mart could activate the cards at issue is naive.