PALMER, J.
The State appeals the final order entered by the trial court dismissing, for lack of subject matter jurisdiction, the information filed against Ludwig Velarde Ruiz (defendant). Concluding that the trial court did indeed possess subject matter jurisdiction over this prosecution, we reverse.
The State charged the defendant with committing the crime of computer pornography.[1] The defendant filed a pre-trial motion to dismiss the information, alleging that the State lacked subject matter jurisdiction to prosecute the case because all of the acts committed by the defendant occurred outside the geographical boundaries of Florida. More specifically, the motion focused on the fact that the heading of the information alleged that the defendant committed the crime of “solicitation” of a minor via a computer and argued that the defendant’s alleged crime of solicitation took place totally in Virginia, as he was sitting at his computer terminal; therefore, no crime had occurred in Florida. The motion cited to Battle v. State, *987 365 So.2d 1035 (Fla. 3d DCA 1978) to support dismissal.
At the dismissal hearing, the prosecutor argued against dismissal, asserting that the facts would establish that the defendant was guilty of committing the crime of attempt as well as the crime of solicitation with regard to the computer pornography charge.
The trial court entered a written order granting the defendant’s motion to dismiss, concluding that the State lacked subject matter jurisdiction to prosecute the defendant because the defendant did not engage in any criminal conduct while located in the State of Florida. In so ruling, the court cited to Battle.
The State appeals, arguing that the trial court reversibly erred in dismissing the charges against the defendant. We agree.
Subject matter jurisdiction is expressly conferred upon a court by the state constitution or by statutes enacted pursuant to the constitution. Allegheny Cas. Co. v. Roche Surety, Inc., 885 So.2d 1016 (Fla. 5th DCA 2004).
Here, the defendant was charged with committing the crime of computer pornography, which is defined in section 847.0135 of the Florida Statutes (2003), as follows:
847.0135. Computer pornography; penalties
(1) Short title. — This section shall be known and may be cited as the “Computer Pornography and Child Exploitation Prevention Act of 1986.”
(2) Computer pornography. — A person who:
(a) Knowingly compiles, enters into, or transmits by use of computer;
(b) Makes, prints, publishes, or reproduces by other computerized means;
(c) Knowingly causes or allows to be entered into or transmitted by use of computer; or
(d) Buys, sells, receives, exchanges, or disseminates, any notice, statement, or advertisement of any minor’s name, telephone number, place of residence, physical characteristics, or other descriptive or identifying information for purposes of facilitating, encouraging, offering, or soliciting sexual conduct of or with any minor, or the visual depiction of such conduct, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.
(3)Certain uses of computer services prohibited. — Any person who knowingly utilizes a computer on-line service, Internet service, or local bulletin board service to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice, a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, relating to sexual battery; chapter 800, relating to lewdness and indecent exposure; or chapter 827, relating to child abuse, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[[Image here]]
(5) State criminal jurisdiction. — A person is subject to prosecution in this state pursuant to chapter 910 for any conduct proscribed by this section which the person engages in, while either within or outside this state, if by such conduct the person commits a *988 violation of this section involving a child residing in this state, or another person believed by the person to be a child residing in this state.
§ 847.0135, Fla. Stat. (2003)(emphasis added).[2] As the highlighted portions of the statute indicate, the statute contains a specific provision which establishes subject matter jurisdiction in Florida courts over cases where an out-of-state perpetrator engages in conduct proscribed by the statute with a person the perpetrator believes to be a child who resides in Florida. As such, the trial court possesses subject matter jurisdiction over the instant prosecution. In so ruling, we conclude that the holding in Battle v. State, 365 So.2d 1035 (Fla. 3d DCA 1978) is not controlling because, unlike the facts in Battle where the defendant was charged with committing the crimes of conspiracy to commit a felony and solicitation of a felony, here the controlling statute specifically provides for subject matter jurisdiction.
The applicability of the Battle case apparently arose in the trial court because the information filed against the defendant alleged, in the heading area, that the defendant was charged with committing the crime of “solicitation of a minor via computer.” However, the remainder of the information alleged conduct which was much broader than mere solicitation. Specifically, the instant information alleged that the defendant
knowingly utilize[d] a computer on-line service, internet service, or local bulletin board service to seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to commit any illegal act described in chapter 794, relating to sexual battery; chapter 800, relating to lewdness and indecent exposure; or chapter 827, relating to child abuse.
(Emphasis added). Relying on said pleading, during the dismissal hearing the prosecutor argued that dismissal would not be appropriate because the evidence which would be presented at trial would establish the crime of attempt, as well as the crime of solicitation. This argument possessed merit and is an alternative basis for reversal. See State v. Saunders, 508 So.2d 473 (Fla. 4th DCA 1987)(holding that section 910.005(l)(b) of the Florida Statutes, providing in part that a person is subject to prosecution in State for an offense that he committed while either within or outside State if the conduct outside State constituted an attempt to commit an offense within State, conferred jurisdiction over the offense, recognizing Battle as being distinguishable because of the instant de *989 fendant’s attempt to commit the offense in Florida).
REVERSED and REMANDED.
THOMPSON, J. and NELSON, D., Associate Judge, concur.

. The parties’ briefs suggest that the charges arose as a result of an undercover sting operation during which a law enforcement person located in Florida posed as a teenager on the internet and communicated via e-mail with the defendant who was located in Virginia. The defendant was arrested when he arrived in Florida to meet the alleged victim.

. Section 910.005 of the Florida Statutes (2003) provides:
910.005. State criminal jurisdiction
(1) A person is subject to prosecution in this state for an offense that she or he commits, while either within or outside the state, by her or his own conduct or that of another for which the person is legally accountable, if:
(a) The offense is committed wholly or partly within the state;
(b) The conduct outside the state constitutes an attempt to commit an offense within the state;
le) The conduct outside the state constitutes a conspiracy to commit an offense within the state, and an act in furtherance of the conspiracy occurs in the state;
(d) The conduct within the state constitutes an attempt or conspiracy to commit in another jurisdiction an offense under the laws of both this state and the other jurisdiction; or
(e) The conduct constitutes a knowing violation of s. 286.011.
§ 910.005(1), Fla. Stat. (2003).