CIKLIN, J.
In this appeal, we address the limits of Florida’s jurisdiction over a defendant whose alleged criminal acts occurred on an airplane outside of Florida. Stacy Sanders appeals the trial court’s denial of her motion to dismiss the single charge of grand theft against her. Because the charged crime was completed before Sanders en *915 tered Florida, we find that the trial court should have granted the motion to dismiss for lack of jurisdiction. As such, we reverse and remand for entry of an order granting the motion to dismiss.
On June 25, 2009, Sanders, a passenger on a commercial flight from Phoenix, Arizona to Fort Lauderdale, Florida, allegedly stole $500 from a fellow passenger’s purse. A flight attendant intervened and compelled Sanders to return the money. This all occurred approximately forty-five minutes before the airplane landed in Fort Lauderdale. Both Sanders and the state conceded that the plane was not in Florida’s territory at any point when the theft or recovery of the money took place. When the plane landed, Sanders was arrested by the Broward County Sheriffs Office and later charged by the state with grand theft in excess of $300.
Sanders filed a motion to dismiss the charge for lack of jurisdiction. Sanders argued that pursuant to section 910.005, Florida Statutes (2008), Florida did not have jurisdiction over her for the alleged theft because all of the elements of the theft occurred before the plane reached Florida. The state argued that Sanders would have had to leave the plane with the victim’s money after the plane landed in Florida in order to permanently deprive her of it; therefore, according to the state, Sanders’s actions constituted an attempt to commit the crime of grand theft in Florida. The trial court was persuaded by the state’s argument and denied the motion to dismiss. Sanders then pled no contest to the grand theft, reserving her right to appeal the trial court’s denial of the motion to dismiss.
“The standard of review of a trial court’s denial of a motion to dismiss is de novo.” Simpson v. State, 83 So.3d 776, 778 (Fla. 4th DCA 2010).
“Jurisdiction is the very power of the state to exert the influence of its courts over a criminal defendant....” Lane v. State, 388 So.2d 1022, 1026 (Fla.1980). Florida’s criminal jurisdiction statute provides, in relevant part:
(1) A person is subject to prosecution in this state for an offense that she or he commits, while either within or outside the state, by her or his own conduct or that of another for which the person is legally accountable, if:
(a) The offense is committed wholly or partly within the state;
(b) The conduct outside the state constitutes an attempt to commit an offense within the state....
§ 910.005(1), Fla. Stat. (2008).
Sanders contends that the alleged grand theft does not fall under either paragraph (a) or (b) of subsection 910.005(1). The trial court based its denial of the motion to dismiss on the notion — advanced by the state on appeal — that Sanders’s actions constituted an attempt to commit grand theft within Florida, thus falling under paragraph (b).
This issue is complicated by the theft statute itself, which is unique in that it encompasses both the completed offense and the attempt as the same offense. See § 812.014(l)(a), Fla. Stat. (2008) (“A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently ... [djeprive the other person of a right to the property or a benefit from the property.”); Colletti v. State, 74 So.3d 497 (Fla. 2d DCA 2011) (“[Tjhere is no separate crime of attempted theft.”); Brown v. State, 414 So.2d 15, 16 (Fla. 5th DCA 1982) (“The crime of theft encompasses not only the completed theft but also the attempt to steal.”).
*916 It is apparent that Sanders allegedly committed all of the elements of theft prior to the plane’s entering Florida’s territory. When Sanders took physical possession of the victim’s money, she would no longer be “endeavor[ing] to obtain” the victim’s property because she would have already obtained the victim’s property with the intent to permanently deprive her of it. This means that the theft was fully executed before the plane reached Florida.[1] Sanders could not be “endeavoring] to obtain” the victim’s property because she already had done so. Thus, the theft was not “committed wholly or partly within” Florida, so paragraph (a) of subsection 910.005(1) does not apply. Further, because the crime was completed the moment she obtained the victim’s money with the intent to deprive her of it permanently, Sanders’s actions on the plane could not “constitute! ] an attempt to commit an offense within” Florida under 910.005(l)(b).
In denying the motion to dismiss, the trial court relied primarily on a previous case from this court, State v. Saunders, 508 So.2d 473 (Fla. 4th DCA 1987), which we find factually distinguishable. In Saunders, the defendant was charged with possession of cannabis in excess of twenty grams after the U.S. Coast Guard boarded his boat in international waters forty miles east of Fort Lauderdale and discovered what amounted to seventy pounds of cannabis.[2] Id. at 474. The state offered sufficient facts to infer that the defendant was returning to Fort Lauderdale when the boat was boarded. The defendant filed a motion to dismiss for lack of jurisdiction under subsection 910.005(1), which the trial court granted.
On appeal, we reversed the dismissal of the charge, finding that the defendant’s actions amounted to an attempt to commit the crime of possession within Florida, and therefore paragraph (b) of subsection 910.005(1) controlled. We concluded that the defendant’s actions outside of Florida — possessing cannabis on a boat headed for Florida — amounted to an attempt to commit the offense' of possession within Florida. While it was not explicitly stated in the opinion, it is important to note that drug possession offenses typically are ongoing by nature. See, e.g., Menendez v. State, 521 So.2d 210, 212 (Fla. 1st DCA 1988) (“Appellant’s trafficking offense, as with many drug possession offenses, was essentially ongoing. Appellant was in violation of the law during the entire time he was in possession.... ”).
While the defendants’ names and the jurisdiction issues presented are similar, ultimately Saunders and the instant case are not analogous. The key difference is the charged crimes in each case. In Saunders, jurisdiction was found because the defendant’s actions constituted an attempt to possess cannabis in Florida. The crime of possession was ongoing and would have continued in Florida had the defendant not been intercepted by the Coast Guard. In the instant case, all of the elements of the crime of theft occurred on the plane before it reached Florida’s territory, so it could not be classified as an attempt to commit the offense in Florida.
We find Battle v. State, 365 So.2d 1035 (Fla. 3d DCA 1978), more on point. In Battle, the defendant appealed his conviction for solicitation of a felony. He argued that Florida did not have jurisdiction over *917 him for the crime of solicitation because the undisputed evidence indicated that all of the acts related to the solicitation itself took place in New Jersey. Id. at 1036. The only possible connection to Florida was that the solicitee traveled to Florida after the solicitation allegedly to commit the solicited offense. The Third District concluded:
[T]he solicitation was complete after it was made and no element of the crime of solicitation took place in Florida; therefore, Florida was without jurisdiction to try appellant for this offense. In this case, although the acts solicited were to be performed in Florida, the crime charged in the indictment of solicitation was committed wholly outside Florida.
Id. at 1037. The facts from Battle are analogous to the instant case, in which the charged offense — grand theft — was completed before the airplane reached Florida’s territory. Thus, we find that the trial court should have granted the motion to dismiss because all of the elements of grand theft occurred entirely before the plane reached Florida’s territory.
In conclusion, we reverse the order denying the motion to dismiss and remand with instructions for the trial court to enter an order granting the motion to dismiss.

Reversed and remanded with instructions.

GERBER and CONNER, JJ., concur.

. In fact, Sanders could have had a change of heart immediately afterward and returned the money to the victim and the theft offense still would have been complete — before the plane reached Florida.

. It is unclear why the defendant was not charged with more than possession over twenty grams given the substantial amount of cannabis discovered on the boat.