DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ABRAHAM DEJESUS RODRIGUEZ,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-2411

[October 13, 2021]

Petition for writ of prohibition to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case No. 50-2019-CF-001763-AXXX-MB.

Jason T. Forman of the Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for petitioner.

No appearance for respondent.

WARNER, J.

We deny the petition for writ of prohibition which claims that the trial court lacks subject matter jurisdiction over the crimes with which petitioner has been charged. Petitioner contends that the crimes were committed by him while he was outside the country, and thus the State of Florida cannot assert jurisdiction over his case. We deny the petition, as the State has jurisdiction for criminal conduct committed by a person either within or outside the state so long as the offense is committed wholly or partly within the State.

Petitioner has been charged with soliciting a child for unlawful sexual conduct using computer services or devices in violation of section 847.0135(3)(a), Florida Statutes (2019). The charges arose from text messages or phone calls petitioner made while outside the United States in either the Dominican Republic or Africa. The alleged victim (who was an undercover officer posing as a thirteen-year-old female) received the texts while in Palm Beach County.

Jurisdiction for these solicitation crimes is established through section 847.0135(7). That section provides:

> **State criminal jurisdiction**.—A person is subject to prosecution in this state pursuant to chapter 910 for any conduct proscribed by this section which the person engages in, while either **within or outside this state**, if by such conduct the person commits a violation of this section involving a child, a child's guardian, or another person believed by the person to be a child or a child's guardian.

§ 847.0135(7), Fla. Stat. (2019) (emphasis added). In turn, section 910.005(1), Florida Statutes (2019) states in part:

> A person is subject to prosecution in this state for an offense that she or he commits, **while either within the state or outside the state**, by her or his own conduct . . . , if:
>
> (a) The offense is committed wholly or partly within the state[.]

(Emphasis added). As the alleged victim received the texts while inside the state, at least part of the crime was committed within the state. *See State v. Ruiz*, 909 So. 2d 986 (Fla. 5th DCA 2005).

Petitioner contends that "outside the state" cannot include being outside the country, but he cites no authority so stating. Simply from a textual reading, "outside the state" does not expressly limit jurisdiction to conduct in other states. *Accord State v. Willoughby*, 892 P.2d 1319, 1330–31 (Ariz. 1995) ("Had the intent been to apply the statute only to other states of the United States, appropriate limiting words could have easily been used. . . . In the absence of express limiting language or apparent contrary intent, we should not limit the extra-territorial reach of a statute intended to confer extra-territorial jurisdiction."). We hold that under sections 847.0135(7) and 910.005(1), the State's criminal jurisdiction extends to acts committed by a person in another country when part of the offense is also committed in Florida.

*Petition denied.*

CONNER, C.J., and ARTAU, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***