W. S. ROBINSON v. STATE.

152 So. 717.
Division B.
Opinion Filed February 5, 1934.

*J. Van Wilhite,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

BUFORD, J.—This case is before us on certiorari to a judgment of the Circuit Court of Bay County, Florida, affirming judgment of conviction of the petitioner which conviction was had upon an affidavit in the following language, to-wit:

"Before me, County Judge, in and for said County, personally came E. L. Bush, who being by me duly sworn, says that on the 16th day of March, A. D. 1932, in the County aforesaid, one W. S. Robinson then and there being did unlawfully operate a certain motor vehicle on the public highways of Bay County, Florida, in a careless and reckless manner, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Florida."

Motion was made to quash the affidavit on two grounds. First, "The said affidavit is vague and indefinite." Second, "Said affidavit does not charge the defendant with any crime or offense punishable under the laws of Florida."

We think the affidavit should have been quashed on the first ground of the motion. The language of the affidavit is so vague and indefinite as not to apprise the defendant of the act or conduct for which he is being prosecuted. The affidavit charges a mere conclusion that the defendant operated the motor vehicle on the public highways of Bay County, Florida, in a "careless and reckless manner." From the allegations of this affidavit alone it was impossible for defendant to know what act or circumstance constituted the alleged infraction of the law. If the charge as stated was sufficient the State might have proceeded to prove that he was operating an automobile without sufficient brakes, or that he was operating an automobile at a rate of speed which at the time and place constituted a careless and reckless operation of the automobile, or it might have proved that he did not maintain control of the car by keeping in touch with the steering wheel and other controlling parts of the car. We might name many other specific acts which would constitute careless and reckless conduct in driving an automobile.

A defendant has the right to know from the language of the charge against him what conduct on his part is the basis of that charge.

For the reason stated, the judgment should be quashed.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.