# STATE OF FLORIDA v ARSENAULT

## Case No. 88-277-AC

Eleventh Judicial Circuit, Dade County

February 23, 1990

### APPEARANCES OF COUNSEL

**Jorge Espinosa, Esquire,** Assistant Attorney General, for appellant.
**Richard Hersch, Esquire,** for appellee.

Before SALMON, KORNBLUM, ROTHENBERG, JJ.

### OPINION OF THE COURT

PER CURIAM.

Trooper Marvez of the Florida Highway Patrol observed the Defendant, Louise Arsenault, driving at speeds of up to 80 mph in a business/residential area in which the speed limit was 40 mph. After stopping the Defendant, the Trooper detected alcohol on her breath and other physical signs of intoxication. She also noticed what she believed to be an altered vehicle identification number.

The Trooper testified that she arrested the Defendant for Driving Under The Influence and Reckless Driving. The Defendant and her roommate testified that the arrest was for a suspected altered vehicle identification number and that there was no probable cause to arrest her for driving under the influence.

The Trooper issued two (2) Uniform Traffic Citations, one for DUI and one for Reckless Driving. She also completed an Arrest Affidavit. The citation for Reckless Driving does not allege the factual basis for the charge.

The Trial Court dismissed the Reckless Driving charge and suppressed the Blood Alcohol Test results. The Court found that the Reckless Driving citation did not sufficiently advise the Defendant of the charges against her and that there was no probable cause for her arrest for DUI.

WE REVERSE.

Though we agree that the Reckless Driving citation was not sufficient, *Robinson v State,* 152 So. 717 (Fla. 1934), dismissal was not required. The Court should have required the State to furnish particulars to the Defendant, *State v Mena,* 471 So.2d 1297 (Fla. 3d DCA 1985), or allow an amendment to the charging document in accordance with Rule 3.114(j), Fla. R. Crim. P.

We find that the facts outlined above were ample to give the Trooper probable cause to arrest Defendant for DUI. That the Trial Court did not believe the arrest was for DUI but rather for a suspected altered Vehicle Identification Number does not preclude a finding that the arrest was valid.

The Trooper could have arrested the Defendant for an altered Vehicle Identification Number, Reckless Driving or DUI and then have properly required a Blood Alcohol Test. *Gassett v State,* 490 So.2d 97 (Fla. 3d DCA 1986).

This Cause is remanded to the Trial Court with directions to vacate its orders dismissing the Reckless Driving charge and suppressing the Blood Alcohol Test and to proceed accordingly.

REVERSED and REMANDED.